## SUPREME COURT.

### WELLS agt. JEWETT impleaded with MALI, TIBBITS, JONES, STACY and CLARK.

In an action for *false and fraudulent representations,* the complaint must state what the representations were, that the court may judge if they were sufficient to mislead; otherwise the plaintiff does not show a cause of action. It should also state that they were made with intent to deceive and defraud the plaintiff.

In such an action, where one count in the complaint is against part only of several defendants—while other counts set up causes of action against all of the defendants, it is a *misjoinder* of actions, as the causes do not "affect all the parties to the action." (*Code,* § 167.)

Where the plaintiff, a stockholder of the company, prosecuted, in his own behalf, the directors and secretary of the company, alleging false and fraudulent representations, and fraudulent over-issue of stock of the company, and appropriating, by the defendants to their own use, the property of the company, whereby the plaintiff's stock was valueless, or nearly so,

*Held,* that all the stockholders having a common interest, and affected in the same proportionate degree, according to the quantity of stock each held, it was a case in which there should be but one recovery, and in which all of the same class should join, or the suit should have been prosecuted by the plaintiff for the benefit of himself and the other stockholders.

Also *held,* that the *company* was a necessary party to the action; because, if he plaintiff had no interest in the company, and was the holder only of spurious stock, which he had bought on a false representation as to the value of the stock, then his only remedy was for that wrong; and he had no right to inquire what the stock would have been worth if the affairs of the company had been properly managed. And if he was the holder of genuine stock, then the injury complained of was primarily to the company, and only incidentally to him, and the company should be a party.

*New-York Special Term, June,* 1855.

THE defendant, Jewett, demurs to the complaint. The complaint states, that the plaintiff is the holder of what *purports* to be one hundred shares of the Parker Vein Coal Company; that the whole number of shares of stock of the company was 30,000 of $100 each; that the property of the company consisted of lands and steamships, worth together three

millions of dollars; that the defendant, Clark, was secretary of the company, and the other defendants directors. It then charges that the defendants, as such directors, sold lands of this company to the Caledonia Mining Company, which was organized under the direction of Jewett; and that he, with the assent of the other directors, received in exchange stock of the latter company, a large portion of which was retained by Jewett and Mali, defendants, *or one* of them, and applied to their, *or his,* use, and never accounted for to the *stockholders* of this company.

2d. That said defendants, as such directors, sold the ships of this company to the Parker Mine Company—the directors in which company consisted of the defendants in this action, *or some of them,* and that Mali and Jewett, as managers of this last company, took possession of the ships without paying any, or if any, only a small consideration, and had the control of the vessels, and carried a large amount of freight, which was applied by M. and J. to their own use.

3d. That Mali and Jewett, with the assent of the other defendants, *fraudulently* issued shares of stock of the Parker Vein Coal Company to the amount of 28,000 shares beyond the number they were authorized to issue, and realized thereby a sum not less than a million of dollars, and applied all, or the greater part of it, to their own use: that said shares, so over-issued, are of no value, and form no part of the capital stock of the company; that these shares cannot be distinguished from the genuine shares; and that, in consequence of the fraudulent over-issue, and the other acts of the defendants, the plaintiff's stock is valueless, or nearly so.

4. That the plaintiff, believing the representations of *Mali, Jewett and Stacy,* as to the value of the stock, and being ignorant of the fraudulent issue of the stock at *or about* that time, became the purchaser of said shares, believing they were a part of the genuine stock, and having no knowledge of the over-issue. That at the time plaintiff purchased, there were assets of the company sufficient to make each genuine share worth par, " as appears from the statements of the defendants

at the time the plaintiff became a purchaser." The plaintiff claims $10,000 and interest, as his damages.

—— —— *for plaintiff.*
—— —— *for defendants.*

MITCHELL, Justice. The four different causes of action above stated are not numbered in the complaint; but are numbered here for convenience. The third and fourth may have been intended as one, and were so treated on the argument; the first and second are distinct, although each of these two is of the same character. The third and fourth, if treated as one, are for a false representation : the first and second are for appropriating to their own use the property of the company.

In *Addington* agt. *Allen*, (17 *Wend.* 386,) it was held in an action for a false representation, whereby credit was given to a third party, that even after a verdict, a count in the declaration was bad which omitted to state that the representation was made with *an intention to deceive and defraud;* and that a count was bad on *demurrer*, if it omitted to state in *what manner* the plaintiff was induced to trust the buyer, although it might be good after verdict, if it could *appear by implication* from the count, that it was on a recommendation of the buyer as *worthy of credit.* In other words, the representation made must be stated, that the court may judge if it was sufficient to mislead, or the plaintiff does not show a cause of action.

This complaint merely intimates that there were representations made by Mali, Jewett, and Stacy, *as to the value of the stock*, but what they were is not stated; nor is it stated that they were untrue, or known to the defendants to be untrue, or that they induced the plaintiff to buy, or that they were made with an intent to deceive and defraud the plaintiff; nor that they were made to the plaintiff, or in such way as to show an intention to have them communicated to dealers in the stock, or to others. That count is bad in those respects.

It also sets up a cause of action against three only of the de-

fendants, while the other counts set up causes of action against all the defendants, or against five of them.

This is a misjoinder of actions, as the causes of action do not " affect all the parties to the action." (*Code*, § 167.)

In the *Franklin Fire Insurance Company* agt. *Jenkins and others*, (3 *Wend.* 130,) several persons, who had formerly been directors of the company, were sued by the company for negligence and *wilful* mismanagement of the funds of the company. On demurrer, the declaration was held bad, because it did not state *in what* the neglect or *wilful* mismanagement consisted, and for joining those two causes of action together, and for misjoinder on the ground that each director could be only severally liable for his own misconduct. The court said, " If one or more of the directors improperly *obtain or dispose* of the funds of the company, they are undoubtedly responsible, but respectively as individuals, and not jointly as directors."

The first count alleges that the land was sold by the defendants as *directors* to a company organized by Jewett, and that he, with the assent of the other *directors*, received stock in exchange, a large portion of which was retained by Jewett and Mali, or *one* of them, and applied to their, or *his* use. This shows no fraud in the directors; the sale by them may have been lawful and judicious; Jewett may have received the stock in exchange with their consent, as the agent of the company. The fault is in retaining or applying the stock to his own use; and then the complaint is defective, as it states it was retained by J. and M., or one of them, and applied to their, or his, use, which is true, if either received and retained it all; Jewett may be entirely innocent, and this count be true.

The second count alleges that the ships were sold to another company, in which these defendants, or *some of them*, were the managers; and that Mali and Jewett took possession of the ships without paying any, or if any, only a small consideration. It fails to show any fraud or wrong in this: this may be true, and good security have been given for all that the vessels were worth; or they may have been sold subject to debts, which made them worth but little. The plaintiff should show directly

in what the mismanagement or fraud consists. That he has failed to do. If the sale was fair, Jewett and Mali had a right to the earnings of the vessel.

As has been observed in other cases before the court, facts may be stated in a complaint, which, if proved, would throw on the defendant the burden of explaining them, and yet not show a good cause of action if the complaint is demurred to : they may be evidence from which a jury may infer the fraud, which the plaintiff must establish ; but as he must establish the fraud by proof, and the jury must find the fraud, so the plaintiff must distinctly allege it, when it makes part of the case, which he is to prove. No fraud, no conspiracy or combination, is here alleged.

The first and second causes of action, if true, affect, proportionally and in common, every stockholder in the company, and the corporation itself; and the third also affects the same persons, and in like manner; or if the plaintiff's view of the law be correct, then it so affects all the holders of the over-issue stock.

A single act of the defendants' in each case of the wrongful management of the affairs, in which the plaintiff, and all or either of those classes, were entitled to have *a common interest*, affects them all in the same proportionate degree according to the quantity of stock that each held. That is a case in which there should be but one recovery, and in which all of the same class should join. This could be done by one suing for himself and others. But this action is by the plaintiff for his own benefit alone ; and if he first obtains judgment and execution, the others, having a common interest with him, might find nothing left from which they could be paid. This community of interest makes this case differ from cases of false representations, intended for various sellers of goods, and then communicated to such sellers, as in *Addington* agt. *Allen*.

It is also objected that the Parker Vein Coal Company is a necessary party to this.action. The wrongs alleged in the first and second counts injure that company directly ; and if the defendants should compensate the company fully, the plaintiff would have no cause of complaint. If the defendants had done

so before this action was brought, it would be clearly so, and it can make no difference if they should do so now. If the plaintiff has no interest in the company, and is the holder only of spurious stock, which he has bought on a false representation as to the value of the stock, then his only remedy is for that wrong, and he has no right to an inquiry what the stock would have been worth if the affairs of the company had been properly managed. In this last view the plaintiff shows no cause of action in himself under those counts, but in the company only; and if he is a holder of genuine stock, then the injury is primarily to the company, and only incidentally to him, and the company should be a party. The action against Jenkins and others, above quoted, was by the company; no special and peculiar damage is shown to this plaintiff.

*Robinson and others* agt. *Smith, &c.*, (3 *Paige*, 222,) was a bill filed by certain stockholders against persons who were directors of the New-York Coal Company. It alleged that the defendants sold the land of the company, and employed the funds in the purchase and sale of stocks; and did this for their private purposes. An objection was taken *ore tenus*, that the company should be a party, and that it was not alleged that the directors of the company were defendants, or refused to sue. The chancellor held that, "generally when there has been a waste or misapplication of the corporate funds by the officers or agents of the company, a suit to compel them to account for such waste or misapplication should be in the *name of the corporation;* but that if the directors refused to prosecute, by collusion with those who had made themselves answerable by the negligence or fraud, or if the corporation was still under the control of those who must be made the defendants in the suit, the stockholders would be permitted to file a bill in their own names, *making the corporation a party* defendant. And if the stockholders were so numerous as to render it impossible or very inconvenient to bring them all before the court, a part might file a bill in behalf of themselves and all others standing in the same situation,"—and he allowed the demurrer.

This is consistent with the cases of *Christopher* agt. *The*

*Mayor of New-York*, and of *De Baum*, &c. agt. *The Same*, and of *Milhau* agt. *Sharpe*, and other cases; in those the corporation was a party, or the object was only to obtain an injunction against the individuals who were defendants. If the defendants have been guilty of the wrongs with which it is *intended* to charge them, it is important that the action be properly commenced, so that justice may not be defeated in the end. And whether the defendants be guilty or innocent, the charges should be so distinct that they may know what they have to meet, and with such parties before the court, that a final determination of the matter may be made.

The demurrer in this case is allowed, with leave to the plaintiff to amend, if he be so advised, on payment of costs of the demurrer.