HESS *vs.* THE BUFFALO AND NIAGARA FALLS RAIL ROAD COMPANY, and THE NEW YORK CENTRAL RAIL ROAD COMPANY.

29b 391
d 38 Mis[1] 55

29b 391
78 AD 393

Where a complaint against two defendants alleged that one of the defendants erected a building across an alley belonging to the plaintiff and thus obstructed his right of way; and that such defendant then transferred and conveyed the possession of the building to the other defendant, who kept, continued and maintained such obstruction; and the plaintiff prayed judgment for damages, against both defendants; *Held* that the complaint stated facts sufficient to show a cause of action against each defendant separately, but not a cause of action against them jointly; and that such causes of action could not, therefore, be united, in the same complaint.

*Held also,* that the objection, of such misjoinder, might be taken by a joint demurrer.

*It seems* that, in such a case, the defendants may move that the plaintiff elect which of the causes of action he will prosecute.

APPEAL from an order overruling a demurrer to the complaint. It is alleged in the complaint that the plaintiff is and was &c. the owner in fee simple, and was &c. and is in the possession of a certain piece or parcel of land, a garden and messuage, situate &c., and all the appurtenances, hereditaments, easements and privileges thereto belonging or in any wise appertaining. That there is a dwelling house on the land, owned and occupied by the plaintiff. That among the appurtenances, easements and privileges belonging to said premises, and owned by the plaintiff as aforesaid, is a private way over and through an alley, or way, being a foot and carriage way, &c. &c.; and that the plaintiff, by reason of his

owning and occupying said premises, owned and was possessed of said alley or private way, and used the same, and still, of right, ought to have and use the same, &c. That the said defendant (meaning, probably, the Buffalo and Niagara Falls Rail Road Company,) in the year 1852 wrongfully &c. placed, erected and built, in and upon and across said alley or private way, a large stone building, used and occupied by the defendants as a depot, &c., and has continued said building, &c., and the alley has been obstructed, &c. That the plaintiff, by reason of the wrongs, has sustained loss and damage to the amount of $500. It is then alleged that the other defendant (the New York Central Rail Road Company) is a corporation, and that about the month of July, 1853, the Buffalo and Niagara Falls Rail Road Company transferred and conveyed the possession of the above described buildings and obstructions to the other defendants, to wit, the New York Central Rail Road Company, and that such defendant has from that time been, and now is, in possession of said buildings and obstructions, and has wrongfully kept, &c., and still keeps, &c., said obstructions, &c.; whereby the plaintiff is deprived of the possession and enjoyment of the way, and has sustained loss and damage to the amount of $500. He demands judgment against the defendants for the sum of $500 damages, and that the obstructions be removed.

The defendants joined in a demurrer, assigning as grounds, 1. That the complaint did not state facts sufficient to constitute a cause of action. 2. That two causes of action were improperly united in the complaint. 3. That the defendants ought not to have been joined in the same causes of action. That their interests were distinct, and not joint; and that there was not a common cause of action stated against them.

*A. P. Floyd,* for the plaintiff.

*John Ganson,* for the defendants.

*By the Court,* MARVIN, J.  It is not always easy to determine, from the present pleadings, to what branch of the law the pleader intends to refer, for the redress of his client's grievances.  In the present case, however, there is no difficulty in determining that the facts stated in the complaint are not sufficient to show a cause of action entitling the plaintiff to the remedy given by the common law writ of nuisance, or an assize of nuisance.  This writ at common law lay only in favor of one whose *freehold* was affected, and against one who erected the nuisance upon his freehold.  Hence the parties to an assize of nuisance must be freeholders.  (3 *Black. Com.* 222.  *Vin. Abr. tit. Nuisance.  Brown* v. *Woodworth,* 5 *Barb.* 550.  *Ellsworth* v. *Putnam,* 16 *Barb.* 565.)

In the present case there is no allegation that the nuisance was erected by a tenant of the freehold.  It is simply alleged that the defendant (meaning, I suppose, the Buffalo and Niagara Falls Rail Road Company) in the year 1852 erected, &c. a stone building across the alley ; and then it is alleged that the Buffalo and Niagara Falls Rail Road Company transferred and conveyed the possession of the building to the other defendant, the New York Central Rail Road Company.

The revised statutes preserved the common law remedy by writ of nuisance, as theretofore accustomed, subject to certain provisions in the statute.  At common law this writ only lay against him who erected the nuisance upon his freehold.  It was, however, early provided by statute that the writ should lie against him and his alienee.  And this provision is preserved in the revised statutes.  The plaintiff is not to go without remedy, "because the land is transferred to another ;" but the party who erected the nuisance, and his transferee, are both to be named in the writ as defendants.  (2 *R. S.* 332.)

The plaintiff, under the code, must now aver all the facts necessary to bring his case within the law entitling him to an abatement of the nuisance, and to damages.  (16 *Barb.* 565.)

The most that can be claimed in the present case is, that the action is simply an action to recover damages for the

obstruction of the plaintiff's private right of way. Thus re-
garding it, was the demurrer well taken? We may reject the
demand for judgment that the depot, &c. be taken down and
removed, and leave the demand for judgment for damages
only. The complaint states facts sufficient to show a cause
of action against either of the defendants; or rather, a cause
of action is shown against each defendant separately, but no
cause of action against them jointly. It shows that the Buf-
falo and Niagara Falls Rail Road Company erected the build-
ings across the alley, and thus obstructed the plaintiff's right
of way. It alleges that the other defendant, the New York
Central Rail Road Company, keeps, continues and maintains
such obstructions. Here facts are stated showing a cause of
action against each defendant, but not a joint cause of action
against both. What remedy have the defendants in such a
case? May they demur? The defendant may demur when
it appears upon the face of the complaint, 5th. "That several
causes of action have been improperly united." (*Code,* § 144.)
It is true that the *causes* of action are not incongruous, and
that by section 167 they may be united. I speak of the *na-
ture* of the actions. But one of the causes of action is against
one defendant and the other cause of action is against another
defendant. They are several causes of action, and cannot be
united. An action against A., upon a note, cannot be united
with another action, upon another note, against B. This, I
think, would be an improper union of two causes of action.

I am not speaking of a case where the complaint shows a
good cause of action against one of two defendants, but no
cause of action against the other. In such a case the latter
may demur; and this is the proper remedy for him. Some
of the judges have, however, held that in such a case the de-
fendants may demur; referring to the last clause of section
167, which provides that the causes of action united must
affect all the parties to the action. All the causes for which
a demurrer may be interposed are specified in section 144.
Section 167 specifies what *causes* of action may be united. It

is there declared that such causes of action must all belong to one of the classes, and must affect all the parties to the action &c., and must be separately stated, &c. Suppose the causes of action belong to one of the classes specified in section 167, but they are not *separately stated.* I have supposed that this was not a cause of demurrer, but that it was an irregularity, and that the remedy of the defendant was by motion.

Whatever construction may be given to sections 144 and 167, the present case, I think, comes within the 5th subdivision of section 144; that is, that the cause of action against the Buffalo and Niagara Falls Rail Road Company is improperly united with the cause of action against the New York Central Rail Road Company.

I am also inclined to the opinion that the defendants could have moved that the plaintiff elect which of the causes of action he would prosecute. It requires much liberality to sustain this complaint at all. The pleader had no idea of the construction now given to his complaint, and which saves it from dismissal. He supposed he had stated a single cause of action, entitling him to damages and an abatement of the nuisance. He will be permitted to amend his complaint. In doing so, he will probably discontinue, as to one of the defendants, and proceed against the other, for his damages.

The order appealed from should be reversed, and the defendants should have judgment upon the demurrer, with leave to the plaintiff to amend, on the payment of costs.

[ERIE GENERAL TERM, May 16, 1859. *Greene, Marvin* and *Davis*, Justices.]