McCoun *v.* New York Central and Hudson River Railroad Co.

JOHN McCOUN, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, MAY, 1872.)

An order denying a motion to dismiss the complaint on the ground that the summons does not contain the proper notice, does not, *it seems*, affect a substantial right, and is, therefore, not appealable to the General Term. (Per MULLIN, J.)

An action to recover a penalty given by statute is an action on contract, within the meaning of section 129 of the Code, and the summons should be in the form prescribed by subdivision 1 of that section.

APPEAL from order denying a motion to set aside the summons and complaint upon the ground stated in the opinion.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   The defendant appeals from an order made at the Niagara Special Term, held in January last, denying a motion made by its attorney that the summons and complaint in this action be set aside, with costs.   The ground on which the motion was made was, that the action being to recover a penalty given by statute for demanding and receiving illegal fare, the summons should have contained a notice to the defendant that the plaintiff would apply to the court for the relief demanded in the complaint, instead of the notice contained in it that he would take judgment for $100, besides costs.

It is matter of astonishment to me that a summons was required to contain the notice provided for in the first subdivision of section 129.

The object of its insertion is said to be to relieve the defendant from the trouble and expense of appearing and putting in an answer, being informed of the precise sum demanded of him by the plaintiff.

If the Code had made it certain that the recovery would be limited to the sum mentioned in the summons the object intended would be secured

But it does not. This protection is only afforded to the defendant when the complaint is sworn to; as it is only in such case that the clerk is required to enter judgment for the sum mentioned in the summons. (Code, § 246.)

When the complaint is not sworn to, the clerk is required to enter judgment for the sum found due on the instrument for the payment of money on which the action is brought, or for such sum as the proofs, on the part of the plaintiff, shall show him entitled to recover.

The complaint need not be served with the summons; and, hence, the defendant is not informed whether it is sworn to, and can only arrive at the justice of plaintiff's claim by its amount, as this is all the information that is furnished him by the summons when that alone is served.

Why, then, are the courts and the members of the bar perplexed by requirements so utterly useless and unmeaning ?

The summons performs the same office as the *subpœna* in chancery; it conveys no more information as to the nature of the claim made against the defendant than did the *subpœna*. Why, then, is it not made equally simple and intelligible ?

If it is deemed essential that it should inform the defendant of the nature of the claim, or of the cause of action, let it be required, and then every lawyer will be able to insert the information required. But it would be more simple, and yet equally useful, to require the defendant to appear and answer a complaint to be filed against him within a time to be specified, or the plaintiff would apply to the court for the relief demanded in such complaint.

Under the requirements of section 129, as it now is, the defendant must go to the complaint for information as to the nature of the claim. The change proposed subjects him to the performance of the same duty.

Under such a form of summons judgment might be taken on assessment by the clerk in the cases in which he may now assess, and on application to the court when the damages cannot be assessed by the clerk.

McCoun v. New York Central and Hudson River Railroad Co.

There are a great many cases in which the profession would find no difficulty in determining whether the notice to be inserted in the summons should be the one required by subdivision first of section 129, or under subdivision second of that section.

But there is an incalculable number of cases in which the notice may be under either, without doing violence to the provisions of the section, or in which Omniscience alone can determine under which subdivision the notice must be given.

It is in these doubtful cases that motions like those now before us are made; and they will be made in closely contested cases, or when passion or prejudice is aroused, while the section is permitted to remain as it is.

It is not of the slightest consequence, in ninety-nine cases out of one hundred, under which subdivision of section 129 the notice is given. Yet these motions are contested with as much ardor as if the whole merits of the action were involved.

We cannot change the section, and must deal with it, therefore, as we find it, and, if it is possible to determine whether or not the defendant's motion was or was not rightly decided at the Special Term, affirm or reverse the order.

Before proceeding to consider the question upon the merits of the motion, it is necessary to consider the preliminary objection to entertaining the appeal, that an appeal cannot be taken from the order of the Special Term.

The reason assigned why it is not appealable is that it does not affect a substantial right.

A right is not a substantial one unless the interests of the party would be injuriously affected by the loss of it.

What injury could the defendant sustain by permitting the plaintiff to insert a notice in his summons under the first instead of the second subdivision of section 129 of the Code? I am unable to perceive that it is of the slightest consequence under which subdivision the notice is given.

It is true that a party to an action has the right to require his antagonist to conform his practice to the requirements of the law and the rules of court regulating such practice; and

if the court fails to compel such party to conform to the practice, he is deprived of a right. But unless the failure to conform to the practice does him some material injury, why should he be permitted to annoy the courts with appeals upon mere technical departures from the rule of practice?

I do not think the order is appealable.

But as the parties have been heard at length upon the merits of the question, we may as well dispose of it on the merits, to the end that the Court of Appeals may finally determine under which subdivision of section 129 the notice required to be inserted in the summons should be given.

To justify the plaintiff in using the form of summons adopted in this case, the action brought against the defendant must be one upon contract, and for the recovery of money only; in which case the plaintiff must state in his summons that he will take judgment for a specified sum, if the defendant fails to answer the complaint.

The defendant insists, first, that the action is not upon contract, but is in tort; and the summons should have contained the notice to the defendant that the plaintiff would apply to the court for the relief demanded in the complaint.

The penalty of fifty dollars imposed by the first section of chapter 185 of the Laws of 1857 upon railroad companies for demanding and receiving a greater rate of fare than is allowed by law for riding on its cars, would seem to be imposed by way of punishment for doing the act prohibited.

A penalty given by statute to the person injured, or to an informer, has been from the introduction of the common law recoverable in an action of debt.

That action lay to recover a sum certain, first, on records; second, on specialties; third, on simple contracts; and, fourth, on statutes, including actions founded on misconduct in office. (Graham's Practice, 2d ed., 84.)

An action of debt lay, in the cases last mentioned, upon the fiction that there was an agreement on the part of the citizen to pay any sum of money directed to be paid by him,

either by the courts or by the legislature.    (3 Blackstone, 161.)

And upon the same fiction the action of debt was held to be *ex contractu,* notwithstanding it was brought to recover a penalty for a positive wrong done to·the injured party.    (Graham's Practice, 84.)

By the Revised Statutes (3 R. S., 5th ed., 783, § 1) an action of debt or assumpsit might be brought to recover a penalty.

This was the state of the law when the Code was adopted. We are bound to presume that the legislature was cognizant of the different forms of action and of the causes of action recoverable in these various forms.

That an action of debt was embraced in the first subdivision of section 129 seems to me too manifest to admit of argument.

To permit a notice to be given under the first subdivision of section 129, the action must be on contract for the recovery of money only; and the notice must be that the plaintiff will take judgment for a specified sum of money.    These are elements of an action of debt, and the last requirement is peculiar to that form of action.

In the summons in this case the defendant is notified that judgment will be taken, in the event he does not appear, for a specified sum of money.

Notwithstanding it is true that the plaintiff may recover more or less than the sum so specified, when the complaint is not verified, the character of the action is not changed.    In the early history of the action of debt the plaintiff failed in his action if he failed to prove a right to recover the precise sum stated in his declaration.    Yet the courts, at an early day, relieved parties from this strictness of proof and allowed the plaintiff to recover the amount to which he established a right.

If these views are wrong, the notice, where the action is for the penalty under section 39 of the general railroad act, should be under the second subdivision of section 129 of the Code; it follows that when, in the same action, the fare ille-

gally taken is sought to be recovered back, the summons must contain a notice under both subdivisions.

In the action for illegal fare the notice must be under the first subdivision, as it is on contract and for the recovery of a precise sum of money only.

If the notice must be under subdivision second when a penalty is sought to be recovered, the summons must contain two notices, or there must be two actions.

Section 30 of the general railroad act does not in terms say that the penalty and illegal fare shall be sued for in the same action ; but such was, I apprehend, the intention of the legislature, and I am quite sure the absurdity was not contemplated of requiring notice in the summons under both subdivisions of section 129.

· If not, then, as the notice might be given properly under both, it may properly be given under either.

I am, therefore, of the opinion that the notice was properly given in the summons under the first subdivision of section 129, and that the order of the Special Term should be affirmed, with ten dollars costs.

Order affirmed.