BONNELL V. WHEELER *et al.*, appellants.

*Joinder — of causes of action.  Code, § 167.  Cause of action — what assignable.*

In actions by plaintiffs, one as original creditor of, and the other as assignee of, a claim due from a corporation formed under the general act (Laws 1848, chap. 40) against the trustees of such corporation, the complaint alleged: 1st, that the trustees omitted to make, etc., a report within twenty days after January 1, 1870, pursuant to § 12 of the act, whereby the trustees became liable to pay plaintiffs' claims; 2d, that the trustees made, etc., a false and fraudulent report on January 13, 1870, whereby they became liable to pay plaintiffs' claims under § 15; 3d, that prior to the organization of the corporation the trustees entered into a conspiracy fraudulently to have the lands of a company in which the trustees were interested conveyed to the corporation of which they were trustees at an exorbitant price, etc., whereby the trustees became liable to pay plaintiffs' claims.  Upon demurrer *held,* that the first and second causes of action were properly united (Code, § 167, subd. 2), were not inconsistent with each other, and might (Code, § 167, subd. 1) arise out of the same transaction.

The complaint alleged that the defendants made the false report, a copy of which was stated to be annexed and to be the only one made.  The annexed copy contained the names of only part of the defendants. *Held,* that the copy report negatived the statement that the defendants (all) signed the report; a demurrer did not establish such to be the fact, and the complaints were demurrable for misjoinder of causes of action under Code, § 167.

*Held,* also, that the causes of action against the trustees in question were assignable.

APPEALS from orders made by Mr. Justice BOCKES overruling the defendants' demurrers, in each of the following actions, to the amended complaints therein.

The actions were four in number.  The *first* was brought by Samuel Bonnell, Jr., against George M. Wheeler, Chester Griswold and Jacob W. Hoysradt, impleaded with others; the *second* was brought by Eli W. Blake against the same defendants, impleaded; the *third* was brought by Samuel Bonnell, Jr., against Chester Griswold, John W. Griswold and Elizabeth H. Griswold, executors, etc., of John A. Griswold, deceased; the *fourth* was brought by Eli W. Blake against the same defendants last named.

The plaintiffs therein respectively claim to be creditors of a company or corporation formed under an act of the legislature of the State of New York, entitled "An act to authorize the formation of

corporations for manufacturing, mining, mechanical or chemical purposes," passed February 17, 1848 (Laws 1848, chap. 40), and the acts amending the same, and known as the Iron Mountains Company of Lake Champlain.

The claim of the plaintiff, Samuel Bonnell, Jr., is alleged to amount to $5,511.66; and that of the plaintiff, Eli W. Blake, is alleged to amount to $1,247.40.

Suits Nos. 1 and 2 are prosecuted to recover from the defendants the amount of the said plaintiffs' alleged claims, respectively, on the alleged ground that the said defendants, as the surviving trustees of said company, have become liable to pay the same. And suits Nos. 3 and 4 are prosecuted to recover the same identical claims from the defendants therein named, as the representatives of John A. Griswold, deceased, who in his life-time was also a trustee of said company, upon a portion of the grounds set forth in the two first actions.

The complaints are substantially alike, except in the averments descriptive of the plaintiffs' claims. The plaintiff Bonnell was not an original creditor of the Iron Mountains Company, but acquired his claim, if at all, by transfer or assignment from a corporation styled the "Birmingham Iron Foundry," which corporation, it is alleged, performed work and labor, and furnished material, whereby it became a creditor of said first-mentioned company, subsequently transferring its claim to the plaintiff.

In the first and second actions, the first counts respectively set forth the organization, in the month of August, 1869, of the said Iron Mountains Company under the provisions of the act aforesaid. And that the defendants and said John A. Griswold (since deceased) were duly appointed and acted as the trustees of said company for the first year. That during that period they omitted to make, publish, or file a report within twenty days from the 1st day of January, 1870, pursuant to the provisions of the twelfth section of the aforesaid act; by means of which alleged omission, it is claimed that the defendants became liable to pay the plaintiffs' claims, which are also respectively stated in said counts.

The second counts, after referring to the allegations in the first counts as to the incorporation of said company, respectively set forth a copy of the charter or certificate of incorporation thereof as referred to as annexed, and state that the said defendants and the said John A. Griswold, while acting as such trustees as aforesaid, did, on the

13th day of January, 1870, make and file in the office of the clerk of the county of Essex a certificate or report, a copy of which is made a part of the complaints (referred to as annexed) and which, it is averred, the said defendants and the said John A. Griswold, in said month of January, 1870, published in the Elizabethtown *Post*, a newspaper published in said county of Essex; the said certificate or report being, as said plaintiffs respectively allege, false in a material representation, and known by the said defendants and the said John A. Griswold so to be, namely, in stating that the capital stock of said company had been paid in, in full, when, as the plaintiffs respectively aver, such was not the fact; and that therefore, by force of the fifteenth section of said act, the said defendants also became liable to the plaintiffs to the amount of their respective claims.

The third counts, after referring to the incorporation of said company, and that the defendants and said John A. Griswold were the trustees thereof as aforesaid, respectively set forth, that prior to the organization of the said company the said defendants and the said John A. Griswold entered into an alleged fraudulent scheme, combination and conspiracy to form said corporation as it was formed, and to fraudulently cause to be transferred thereto certain lands owned by a corporation styled the "Kingdom Iron Ore Company," in which company it is alleged the defendants and said John A. Griswold were interested as stockholders and officers, and to have the stock of the new company issued to an amount largely in excess of the value of said lands, and to have the whole of said stock paid to or for the benefit of said Kingdom Iron Ore Company (so called) in part payment of said lands.

The counts then proceed with general allegations of acts and doings on the part of said defendants and said Griswold in furtherance of said alleged scheme and conspiracy, winding up with allegations to the effect that the said alleged omission set forth in the first counts, and the alleged making of said alleged false report set forth in said second counts, are and were but part and parcel of said alleged scheme or conspiracy, by means of which alleged doings it is claimed the defendants became liable to pay the claims of the plaintiffs, respectively.

The defendants George M. Wheeler and Chester Griswold, in one demurrer, severally demur to said amended complaints and to each of them, upon various grounds which are stated in the opinion, and

the defendant Hoysradt also demurs separately upon substantially the same grounds.

*W. C. Holbrook,* for appellants.

*A. Pond,* for respondents.

MILLER, P. J.   In the first and second actions, I think that the first and second causes of action were properly united.   Each of them was for a liability somewhat in the nature of a statute penalty, and virtually an action on contract for the recovery of money. *McCoun* v. *N. Y. C. & H. R. R. R. Co.,* 7 Lans. 75.   They were therefore properly joined, under section 167, subdivision 2 of the Code. The fact that one of the causes of action is for not making a report within twenty days as required by Laws of 1848, chapter 40, section 12, and the second for making a false report, does not, I think, alter the case.   Each one of the counts contains a separate and an independent cause of action, and either of them may be upheld if the evidence, upon a trial, warrants it.   They are not necessarily inconsistent with each other, or contradictory.   Even if a report be filed which is false, within section 15 of the act cited, it by no means follows that there has been a compliance with section 12.   A report which is false can scarcely be said to be a report, which is required by section 12; and I am inclined to think that, where such is the case, an action may be upheld under section 12, if for any reason the proof upon a trial would not warrant a judgment under section 15.

Nor in my opinion is there any question but that each of these causes of action may arise out of " the same transaction, or transactions connected with the same subject of action," within section 167, subdivision 1.   The subject of the action of the plaintiff is the debt, and the transactions connected with it are the unlawful acts of the defendants.   These acts arise out of transactions which relate to and form a part of the subject of the action.   If, in accordance with the opinion in *Adams* v. *Bissell,* 28 Barb. 386, we disregard the last clause of subdivision 1 of section 167, which I am not prepared to do, I am, nevertheless, satisfied that each of the causes of action arise out of the same transaction, and may be maintained.   If these views are correct, the first ground of demurrer cannot be upheld.

It is insisted that there is a misjoinder of the first and second

causes of action, because they do not affect all the defendants, viz.: Hoysradt, Corning and Burleigh, who were not signers of the alleged false report set forth in the second cause of action in the first two cases, and that there is a misjoinder of the third cause of action with the first and second for the same reason. These grounds are stated also in the second and sixth grounds of demurrer of the defendants, Wheeler and Griswold respectively, and in the separate demurrer of the defendant Hoysradt. The Code, section 167, provides, that the causes of action united "must affect all the parties to the action," and the objection of a misjoinder may be taken advantage of by demurrer. *Warth* v. *Radde*, 28 How. 230; *Smith* v. *Geortner*, 40 id. 185; *Hess* v. *Buffalo & N. F. R. R. Co.*, 29 Barb. 391; *Palmer* v. *Davis*, 28 N. Y. 242. It is claimed by the plaintiffs that the complaints allege, that all the defendants did sign the report, and the demurrers admit the allegation to be true.

The second count in the two cases avers, that the company was duly organized and incorporated as stated in the first count; that the defendant and Griswold were duly named as trustees, and while such trustees, and acting as such, having accepted the same, the "defendants, and said John A. Griswold, on the 13th day of January, 1870, made and filed in the Essex county clerk's office, * * * a certificate or report, a copy whereof is hereunto annexed, marked B." It also alleges, that "said certificate and report was the only report made, filed and published; that said report was false," etc., stating wherein. It then proceeds to state, "that said defendants, and the said John A. Griswold, signed said certificate, knowing it to be false as hereinbefore stated," etc. The certificate annexed does not contain the names of the three defendants hereinbefore mentioned. The allegation that they did sign refers to "said certificate," meaning the one annexed, which negatives the allegation that such was the fact. If this last allegation can be considered as in conflict with what had previously been averred, then the reading of the report or certificate annexed must, I think, determine how the fact is, and although verbally a contradiction, yet, as it refers directly to the report, the allegation must be considered as confined and restricted to what appears upon the face of the certificate, a copy of which is annexed, that is, that Griswold and others did sign it, but that the other three defendants did not. It appears then, that the report and certificate set forth was not signed by either of them, and hence they could not be held responsible for its

being false. It is no answer to say, that the complaints only purport to have annexed to them a copy of the report and not of the signatures, for it would lack the essential qualities of a report unless it was signed. Besides, the names attached constitute a part of the report, are first mentioned at its commencement as being trustees, and the report purports to have been sworn to by each one of the signers before a notary. It is plain, therefore, that there is a misjoinder of actions as to the first and second causes of action, and also of the third, which is based on the first and second, and in this respect the demurrers are well taken.

The defendants' counsel further insists that the complaint in the Bonnell case does not state facts sufficient to constitute a cause of action, because it shows upon its face that Bonnell was not an original creditor, but derives his claim only by assignment or transfer from the "Birmingham Iron Foundry." In other words, that the claim was not assignable by the trustees of the "Birmingham Iron Foundry," so as to transfer to Bonnell any cause of action against the defendants, which arises under the twelfth and fifteenth sections of the manufacturing act, by virtue of which a recovery is claimed. Laws of 1848, chap. 40. The provisions referred to provide for a liability of trustees or officers of a company for all debts existing or contracted without limiting or restricting such liability to the creditor alone, and extends the remedy, I think, for the collection of the debt against the trustees or officers who neglect their duty and fail to comply with the law. They do not change the nature of the debt, for which the company was originally and continues to be liable, nor invest it with a character which prevents an assignment of the same, which carries with it all the incidental remedies given by statute. The act embraces "all the debts of the companies," which, I think, means debts due not only to the original creditor, but to such person as may be entitled to the same by virtue of a lawful assignment. Regarding the action as brought upon the contract, and the remedy under the statute as merely incidental, I am inclined to think that it stands precisely in the same position as any other action of a similar character, which has been lawfully transferred to another party. But even if this position may be doubted, the plaintiff's cause of action may be considered as embraced within the rule laid down in some of the reported cases to the effect that a cause of action against a vendee of land for fraudulent representations as to an incumbrance, or an action

for fraudulent representations in obtaining money or property, survives to and against the personal representatives, and an assignee may sue thereon. *Haight* v. *Hayt*, 19 N. Y. 464; *Byxbie* v. *Wood*, 24 N. Y. 607; *Graves* v. *Spier*, 58 Barb. 349; *Johnston* v. *Burnett*, 5 Abb. (N. S.) 331.

Although the first and second causes of action set forth in the plaintiff's complaint do not perhaps directly show an injury arising from the defendants' wrongful acts, or which tends to affect, impair or diminish the estate of the "Birmingham Iron Foundry," or of the plaintiff, yet it is quite apparent that the unlawful acts of the defendants may have such an effect. The law declares that such an injury may have accrued from the facts stated, and it is a fair and legitimate inference, I think, that the failure of the defendants to comply with the provisions of the statutes cited may have occasioned and did cause that injury, and seriously affected and impaired the property and estate of the plaintiff or his assignor. It is also a presumption of law that the debt was contracted in the first instance and an assignment of the same made with full knowledge of the remedies under the statute and with entire reliance upon the same. In my opinion the case now presented bears no analogy to an action brought to recover damages for personal injuries, which is not assignable, for the reason that no one has a property in the personal sufferings of another, and therefore the acts complained of cannot injuriously affect, impair or diminish his estate. The cause of action here clearly goes beyond the person. It is a debt incurred for work and labor performed and materials furnished, which, if not paid, diminishes the property of the creditor or of his assignee. If the causes of action are regarded as brought for mere penalties, then some of the later cases hold that the right of action is assignable, and not a mere personal privilege. *Meech* v. *Stoner*, 19 N. Y. 26; *McDougall* v. *Walling*, 48 Barb. 364.

As the statute does not prohibit the assignment of a claim like that for which the plaintiff seeks to recover, but appears to favor the right to assign, and as such right is not in conflict with any principle of law and is upheld by the reported cases my conclusion is, that the grounds of demurrer last considered are not well taken, except as to the defendant Hoysradt, who, as we have already seen, was not a signer of the certificate, and therefore cannot be made liable under the second cause of action.

There was no misjoinder of the third cause of action with the

first and second causes of action so far as the substance of the same is concerned, and I see no difficulty in regard to them. The question presented in regard to this branch of the case was passed upon in *Arthur* v. *Griswold*, and it is there held, that although the causes of action are different, they are to be deemed properly united and they relate to the same general transaction. See manuscript opinion of CHURCH, Ch. J., in Court of Appeals.

In the third and fourth actions the complaints against the executors are of the same general character as in the first and second actions, except that the causes of action alleging a conspiracy, being the third cause of action in these two cases, are omitted. The observations already made cover all the objections urged, and as none exist which are fatal to a recovery the demurrer must be overruled as to these.

In the first and second actions the order appealed from must be reversed, with $10 costs, and the defendants are entitled to judgment on the demurrer, with leave to the plaintiff in each to amend upon payment of costs within twenty days after a service of a copy of the order herein. ·

In the third and fourth actions the order must be affirmed, with $10 costs. Judgment must be ordered for the plaintiffs upon the demurrer, with leave to the defendants to answer within twenty days after service of a copy of the order herein, and upon payment of costs.

*Ordered accordingly.*