## N. Y. COMMON PLEAS.

CATHARINE KELLY agt. DANIEL NEWMAN and the
MAYOR, &c. .

*Pleading — Complaint — Demurrer — Improper joinder of causes of action —
No answer to demurrer to say that such causes of action are not separately
stated.*

Where a complaint in an action against an individual defendant and the
city to recover damages for injuries from a fall caused by accumula-
tions of snow and ice upon the sidewalk in front of certain premises
alleges that it was the duty of both defendants to maintain the side-
walk in front of said premises free from incumbrances of ice and snow,
and also alleges that they permitted a cellar extending under the street
to remain open:

*Held* (upon demurrer), that as two causes of action are set out in the
complaint — one for permitting ice and snow upon the sidewalk, and
the other for injuries sustained by plaintiff's falling into the cellar —
and as the individual defendant is not, as matter of law, liable for
accumulations of snow and ice, two causes of action are improperly
joined.

It is no answer to the demurrer to say that such causes of action are not
separately stated.

*Special Term, October,* 1881.

*Hart & Price,* for plaintiffs.

*Koones & Goldman,* for defendant Newman.

VAN BRUNT, *J.* — This is an action to recover damages
against the defendant Newman and the Mayor, Aldermen
and Commonalty.

The complaint alleges that the defendant Newman is the
occupant of No. 681 Sixth avenue, in the city of New York.
That it was the duty of both defendants to maintain the side-
walk in front of said premises in a safe condition for passers-
by and free from all incumbrances of ice and snow, and that
nevertheless the defendants, neglecting their duty, permitted
ice and snow to accumulate upon said sidewalk.

Kelly agt. Newman.

The complaint then further alleges that defendants, in violation of their duty, permitted a cellar beneath said premises, which extended and projected beyond the line of the street, to remain open, exposed, unprotected and unsecured, and that on the 10th of February, 1881, the plaintiff, while lawfully passing along the said sidewalk, without any fault or negligence on her part, slipped and fell upon said ice and snow and was thrown down the said cellar, whereby she was greatly injured, viz., to the amount of $10,000. The defendant Newman demurs upon the ground of improper joinder of causes of action.

If the complaint contains two causes of action, the counsel for the plaintiff concedes that the demurrer is well taken.

If any liability exists or could exist against the defendant Newman because of the accumulations of snow and ice upon the sidewalk, certainly such a cause of action is set out against him in the complaint. It is true that it is claimed now by the counsel for the plaintiff that but one cause of action is set out in the complaint, viz., that for injuries sustained by her falling down the cellar; but this view an examination of the complaint does not sustain, as if the allegations in the complaint are true, viz., that there was a violation of duty which he owed the passers-by upon the part of Newman, in allowing ice and snow to accumulate upon the sidewalk in front of his premises — two causes of action are set forth in the complaint; and the drawers of the pleading undoubtedly then supposed that the defendant Newman did owe such duty, and that he became liable as well as the Mayor, &c., for its neglect. Such being the nature of the pleading, and there being no liability, as matter of law, upon the part of Newman because of the accumulation of snow and ice, two causes of action are improperly united; and it is no answer to the demurrer to say that such causes of action are not separately stated.

Demurrer sustained; plaintiff to have leave to amend upon payment of costs of demurrer.