(9 Misc. Rep. 16.)

### McKENZIE et al. v. HATTON.

(Common Pleas of New York City and County, General Term. June 4, 1894.)

DEMURRER—MISJOINDER OF CAUSES.

Demurrer for misjoinder of causes of action lies if each cause of action does not affect all the parties.

(Syllabus by the Court.)

Appeal from special term.

Action by Jane McKenzie and another against Loftus D. Hatton, impleaded. From an interlocutory judgment overruling a demurrer to the complaint for insufficiency in substance and misjoinder of causes of action (26 N. Y. Supp. 873), defendant appeals. Reversed.

The complaint, so far as material, is as follows:

"Sixth. Also, upon information and belief, that the plaintiffs allege that the said defendant Goldenberg, and the defendants Michael Larkin and James J. Larkin, copartners doing business under the firm name and style of M. Larkin & Son, as aforesaid, the agents, servants, contractors, or employes of the said defendant Simon Goldenberg, and their agents, servants, contractors, and employes, wrongfully, negligently, and unlawfully, and although license to enter upon the aforesaid building or premises of these plaintiffs was duly tendered or given by these plaintiffs, on their part, to the said defendants Goldenberg and Larkin, said defendants, against the laws of this commonwealth, to wit, in violation of section 474 of chapter 410 of the Laws of 1882 of the state of New York, excavated the land adjacent to the plaintiffs' said land, and took away the soil therefrom to the depth of twenty-four feet or thereabouts, without leaving proper and safe support for the said land and the building belonging to the plaintiffs, and wrongfully, negligently, and unlawfully entered upon the building or premises of these plaintiffs, and drove certain needles into the wall of said plaintiffs' building, without the permission, knowledge, or consent of the said plaintiffs; and the defendants, having wrongfully, negligently, and unlawfully committed the acts above named, failed to supply proper temporary and safe support to the plaintiffs' land

and building as aforesaid,—and all in violation of the laws of this commonwealth, to wit, section 474 of chapter 410 of the Laws of 1882.

"Seventh. The defendant Loftus D. Hatton is, and at all the times hereinafter mentioned was, in occupation at the said plaintiffs' lot and building aforesaid, as a tenant of the said plaintiffs, under a lease from said plaintiffs bearing date April 7, 1892, for the term of three years from May 1, 1892, and as such tenant it was the duty of the said Loftus D. Hatton, on his part, to give the said defendant Simon Goldenberg and the defendants Michael Larkin and James J. Larkin, copartners as aforesaid, and the agents, servants, and employes of the said defendant Goldenberg and the defendants Michael Larkin and James J. Larkin, or either or both of them, full and free permission or license to enter upon the said premises, No. 35 West Fourth street, belonging to these plaintiffs, and in possession of the said defendant Loftus D. Hatton as tenant of the said plaintiffs, as aforesaid, upon due application being made to him for permission so to do, in order that the said defendants Goldenberg, and Michael Larkin and James J. Larkin, copartners as aforesaid, and either or both of them, might properly, safely, and securely shore up said wall of the said building, 35 West Fourth street, when the said defendants, or either or both of them, excavated the land adjacent to the said plaintiffs' land, and took away the soil thereof, as aforesaid; and that the said defendant Hatton wrongfully, negligently, and unlawfully refused such permission or license as aforesaid to the said defendant Simon Goldenberg and the defendants Michael Larkin and James J. Larkin, copartners as aforesaid, or either or both of them, and to their agents, servants, and employes, or the agents, servants, and employes of either or both of them, so to enter upon the said premises, No. 35 West Fourth street, and properly shore up and protect the said plaintiffs' wall and building thereon, and otherwise inte·fered with, hindered, and obstructed the said defendant Simon Goldenberg and the defendants Michael Larkin and James J. Larkin, copartners as aforesaid, or either or both of them, and their agents, servants, and employes, and the agents, servants, and employes of either or both of them, in their work of shoring up and protecting the plaintiffs' wall and building thereon of the premises, No. 35 West Fourth street, in the city of New York, as aforesa d, and to a certain extent preventing said defendants S'mon Goldenberg, and Michael Larkin and James J. Larkin, copartners as aforesaid, from properly shoring up the said wall, and thereby contributed to the injuries sustained, herein set forth."

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

Foley & Powell, for appellant.
Edward W. S. Johnston, for respondents.

PRYOR, J.   By the terms of the Code (section 484) it is indispensable to the union of several causes of action in the same complaint—First, that they be of a certain class; secondly, that they be consistent with each other; thirdly, that they affect all the parties; and, fourthly, that they do not require different places of trial.   Consisting only of a single count, still the complaint contains the elements of four different causes of action,—two against Goldenberg and the Larkins, and two against Hatton.   The causes of action against Goldenberg and the Larkins are—First, that, having a license to enter upon plaintiffs' premises, these defendants neglected duly to shore up and protect them; and, secondly, that, having no license, they wrongfully and unlawfully entered upon the premises.   The causes of action against Hatton are—First, that he wrongfully refused a license to the other defendants; and, secondly, that he prevented the other defendants from shoring up and protecting the premises.   Conceding, for argument, that these four

causes of action comply with the other requirements of the Code in order to their union in a single complaint, it is manifest that each does not affect all the defendants. For instance, the cause of action against Goldenberg and the Larkins for an unlawful entry upon the premises was not the legal effect of Hatton's refusal of a license, but their own voluntary and independent tort. Hatton's refusal of the license, so far from being an invitation, was a prohibition, of the entry. For this trespass, therefore, Hatton is plainly not responsible. So, Hatton's refusal of the license was his own individual act, with which it is not suggested in the complaint that the other defendants had any connection or privity; the contrary, rather. Hence, the other defendants are plainly irresponsible for Hatton's wrong in refusing the license. Again, Hatton's hindrance of the other defendants in protecting the premises was, by the very terms of the proposition, against their will; was a wrong in which they did not concur, and to which they did not assent; was a wrong, therefore, for which, obviously, they are not answerable. The two substantive wrongs upon which the action proceeds are the refusal of Hatton to give the license, and the entry of the other defendants without the license. But Hatton, as already seen, is not responsible for the wrongful entry of the other defendants, nor the other defendants for the wrongful refusal of Hatton. Neither of the causes of action affects all the defendants, and hence they are improperly united in the complaint. Nichols v. Drew, 94 N. Y. 22; Chipman v. Palmer, 77 N. Y. 51; Jackson v. Brookins, 5 Hun, 530; Kelly v. Newman, 62 How. Pr. 156; Gardner v. Ogden, 22 N. Y. 327, 340; Malone v. Stilwell, 15 Abb. Pr. 421; Wells v. Jewett, 11 How. Pr. 242; Van Steenburgh v. Tobias, 17 Wend. 562. We concur with the learned trial judge in the conclusion that the complaint shows a cause of action against defendant Hatton. But for the misjoinder, the demurrer should have been sustained. Judgment reversed, and demurrer sustained, with costs; leave to plaintiff to amend or sever, without costs. All concur.