(15 Misc. Rep. 105.)

### McKENZIE et al. v. HATTON.

(Common Pleas of New York City and County, General Term. December 23, 1895.)

APPEAL—REVIEW—WEIGHT OF EVIDENCE.

Where no material errors appear, and the evidence is conflicting, the verdict of a jury will not be disturbed on appeal.

Appeal from trial term.

Action by Jane McKenzie and others against Loftus D. Hatton. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiffs appeal. Affirmed.

For former reports, see 26 N. Y. Supp. 873; 29 N. Y. Supp. 18.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

D. J. Newland and Edward W. S. Johnston, for appellants.

Foley & Powell, for respondent.

BISCHOFF, J.   Plaintiffs, the personal representatives and trustees under the last will and testament of one Alexander McKenzie, the owner and lessor of certain premises in the city of New York, sued his tenant for damages to such premises, sustained, as alleged, by reason of the latter's interference with the necessary operations of certain parties when engaged in shoring up the wall of the building for its lateral support, the abutting lot being in process of excavation. Laws 1882, c. 410, § 474, amended Laws 1885, c. 456. And see Mackenzie v. Hatton, 6 Misc. Rep. 153, 26 N. Y. Supp. 873; Id., 9 Misc. Rep. 16, 19, 29 N. Y. Supp. 18. That the plaintiffs had a cause of action, assuming the defendant's failure to give the necessary permission to the excavating parties to enter upon the premises for the purposes noted, or his obstruction of their work, was held throughout the trial, and the question forms no part of our inquiry upon this appeal. The learned trial judge left it to the jury to determine whether or not the defendant had failed in his duty as thus outlined, and their finding was that this duty had been performed. The question of fact practically came to the inquiry whether the defendant's refusal to allow the removal of a staircase on the premises, which refusal was admitted, interfered with the necessary work of shoring up, and thus resulted in injury to the wall. There is no material dispute that the shorers were granted access to the premises, and, while there was some evidence that the defendant had at one time expressed a refusal to allow further progress of the work, there was ample testimony that such was not the fact, and this testimony was credited by the jury.

With regard to the defendant's position that the staircase should not be removed, we must hold that the jury were justified in finding that this formed no obstruction to the work of the shorers, resulting in the damage to the premises. From the testimony of the defendant and of his engineer, it appears that there was sufficient space under the staircase for the insertion of "needles," as the horizontal supporting beams were termed, and that an aperture sufficient for such insertion had been actually made in that space by the shorers, but was not used. The plaintiffs' witness Larkin testified that a "needle" had been inserted at this point, but was not "wedged up," although without this process the "needle" would be worthless, and such wedging up was not obstructed by the defendant. It is to be noted that the evidence adduced by the plaintiffs as to the effect of the presence of the staircase upon the work was

in nature merely hearsay, while that of the defendant was direct and positive. Certainly, we cannot say that the plaintiffs have sustained their burden of proof by a preponderance of the evidence and reverse this judgment upon the facts.

A point is made that the charge to the jury was inconsistent, but we confess surprise that the argument should be advanced. The learned judge charged that it was for the jury to say whether the defendant's refusal to permit removal of the staircase interfered with the proper protection of the wall, and this submission was not questioned by the appellants. But our attention is called to the fact that, before proceeding to charge the jury in his own words, the judge charged, at the request of the appellants, according to the printed case, as follows:

"That it was necessary for those shorers to remove the staircase in defendant's cellar to properly shore up, protect, and preserve the wall of plaintiffs' building, the refusal of the defendant to permit such removal, which refusal he admits having made, renders defendant liable to the plaintiffs for whatever damage the jury shall find accrued to the plaintiffs' building therefrom."

It may be that the stenographer at the trial did not fully note the wording of this request, or that there was an error in transcription; but from the probability of the matter, the rulings upon the trial, and the obviously incomplete construction of the sentence as now relied upon by the party framing it, we must hold it to be inconceivable that the court, counsel, and jury understood the request in any way other than as a conditional statement. If the appellants' counsel had believed at the trial that the court had intentionally directed a verdict in his clients' favor upon the main issue, his natural course would have been to object to the submission of the facts upon that issue to the jury, but no trace of an objection as to this is found. Whatever inconsistency may be discovered in this instance, it was not that of the trial judge, and we must determine this appeal with regard to the appellants' attitude at the trial.

Certain exceptions were taken to rulings upon evidence, but upon examination they are not found to present error. That first relied upon deals merely with the court's proper exercise of discretion as to the order of proof. The second objection calls attention to the admissibility of the pleadings in another action, to the admission of which no exception was taken. Next, it is claimed that expert testimony touching the cause of the damage to the walls was erroneously admitted, but this evidence had direct bearing upon the issues raised by the pleadings.

No other points are presented, and we fail to find reason for disturbing the judgment and order appealed from. They are, therefore, affirmed, with costs. All concur.