(38 Misc. Rep. 54.)

TEW v. WOLFSOHN et ux.

(Supreme Court, Special Term, New York County. May, 1902.)

1. PRINCIPAL AND AGENT—LIABILITY ON CONTRACT.
    Where a contract is made by an agent within the scope of his employment, both the agent and his undisclosed principal, when discovered, are liable on the contract, and may be joined as defendants in a suit thereon.
2. DEMURRER—MISJOINDER OF PARTIES.
    No demurrer lies to misjoinder of parties defendant.
3. SAME—DEFECT OF PARTIES.
    Code Civ. Proc. § 488, subd. 6, permitting a demurrer for defect of parties, applies only to the deficiency thereof.

Action by H. Whitney Tew against Henry Wolfsohn and Paula Wolfshon. Demurrer to complaint overruled.

Hawes & Judge, for plaintiff.
Benno Loewy, for defendant Henry Wolfsohn.

STECKLER, J. The complaint alleges that the defendants are husband and wife; that the husband conducts a musical bureau for

the purpose of securing concert and recital engagements for high-class artists, which business is owned by the wife, the husband acting as her agent, although he pretends to be conducting the agency on his own behalf, and without disclosing his wife as principal; that on June 7, 1901, a contract was entered into between plaintiff and the husband, acting as agent for his undisclosed principal, the wife, whereby the plaintiff, a professional singer, appointed the husband his sole manager for the term of one year, agreeing to pay the husband 10 per cent. of all plaintiff's engagements, and to submit to him all his business communications, and not to accept any engagements without the husband's consent, and whereby defendants agreed on their part that the husband would arrange a concert tour for plaintiff, and do such other work as was incidental thereto. The complaint then alleges performance of the conditions of the contract by plaintiff, details alleged breaches of the contract by the defendants, and judgment is asked against the defendants for the sum of $5,000 damages. The husband demurs to the complaint on the ground that several causes of action are improperly united in the same complaint, namely, an alleged cause of action against the husband upon a liability as agent acting for an undisclosed principal, which does not affect the wife, and an alleged cause of action against the wife as the disclosed principal of the husband, which does not affect the husband, and that said alleged causes of action are not consistent with each other, and do not affect all the parties to the action. It is evident that the word "defendants" is used by the pleader to designate the legal effect of plaintiff's transactions with the agent. Each of the defendants is liable separately on the causes of action stated in the complaint. The plaintiff could sue each separately, although he could not obtain judgment against both, for a judgment obtained against one, although unsatisfied, would seem to bar an action against the other. Weil v. Raymond, 142 Mass. at page 213, 7 N. E. 860; Mattlage v. Poole, 15 Hun, 559. And see Meeker v. Claghorn, 44 N. Y. 349; Tuthill v. Wilson, 90 N. Y. 423. It has been held by the supreme court of Pennsylvania, however, that not a judgment merely, but a satisfaction of the judgment alone, is a bar (Beymer v. Bonsall, 79 Pa. 298); and the court said in Mason v. Cockroft, 3 Duer, 366, that, where the principal is discovered, the agent and principal are liable, and either or both may be sued. See opinion, Clarke, J., in American Trading Co. v. Thomas Wilson Sons & Co., 37 Misc. Rep. 76, 74 N. Y. Supp. 718. The situation presented in this case is precisely the same as if merely one cause of action was alleged in the complaint, upon which each defendant is liable, and there is no misjoinder of causes of action (Code, § 484), but at most merely a misjoinder of parties defendant. In this respect the case is distinguishable from the cases cited by defendant (Nichols v. Drew, 94 N. Y. 22; Adams v. Stevens, 7 Misc. Rep. 469, 27 N. Y. Supp. 993; Hess v. Railroad Co., 29 Barb. 391; McKenzie v. Hatton, 9 Misc. Rep. 16, 29 N. Y. Supp. 18; Kelly v. Newman, 62 How. Prac. 156), for in each of those cases two or more causes of action were joined in the complaint, one affecting one defendant and one or more affecting another de-

fendant; and on the ground that the causes of action did not affect all the parties to the action it was held that there was a misjoinder of causes of action. In the case at bar the very facts which show a cause of action against the agent constitute also a cause of action against the disclosed principal. Even if the defendants are not jointly liable, and are improperly joined (Weil v. Raymond, supra) a demurrer for misjoinder of defendants is not authorized. A demurrer may be interposed where it appears on the face of the complaint (Code, § 488, subd. 5) that there is a misjoinder of parties plaintiff, not parties defendant; or (Id. subd. 6) that there is a defect of parties plaintiff or defendant; and "defect" means a deficiency of, and not too many, parties (Richtmyer v. Richtmyer, 50 Barb. 55; Railroad Co. v. Schuyler, 17 N. Y. 592; McIntosh v. Ensign, 28 N. Y. 169). Of course, if a proper cause of action is not alleged against a defendant, he may demur on the ground that the complaint does not state facts sufficient to constitute a cause of action. The demurrer must, therefore, be overruled, with costs, with leave to answer over on the usual terms.

Demurrer overruled, with costs, with leave to answer over on usual terms.