WILLIAM D. OLENDORF, Respondent, *v.* GEO. W. SWARTZ,
Appellant.

A declaration by an indorser made to a third party not interested in the subject
matter, " that the fact of notice not having been given at a proper time, would
make no difference with him ; that he would do what was right," is not a suf-
ficient waiver of presentment and notice, to fix the liability of the indorser.

The defendant indorsed to the plaintiff the notes sued on, and assigned the mort-
gages given to secure the same. *Held*, that the mortgages were not intended
to indemnify the defendant against his liability as indorser, and would not
excuse a presentment and notice to him as such indorser.

APPEAL from the District Court of the Ninth Judicial District,
Shasta County.

The facts material to the points decided appear in the opinion of the
Court.

*R. T. Sprague*, for Appellant,

1. The defendant was strictly entitled to notice of the demand and
non-payment of the notes. He took no new security for the payment
of the notes; he parted, in fact, with the only security that he had. In
many States, the mere taking security by an indorser from the maker of
a note, is not sufficient to dispense with demand and notice; there must
be something more—such as taking into his possession funds or pro-
perty of the maker sufficient for the purpose of meeting the payment
of the note, or he must have an assignment of all the property, real
and personal, of the maker, for that purpose. Spencer *v.* Harvey, 17
Wend., 489. Kyle *v.* Green, 14 Ohio, 495. Brown *v.* Hannegan, 1
McLean, 309. Denny *v.* Palmer, 5 Ired., 610. Kramer *v.* Sanford, 4
Watts and Serg., 328. Woodman *v.* Eastman, 10 N. H., 359.

2. The language of the defendant, addressed to a third party, after
the maturity of the note, cannot be construed into a promise to pay or
an agreement to waive the necessity of demand and notice.

A subsequent promise, in order to operate as a waiver of demand
and notice, must be explicit and unequivocal, and with a full knowl-
edge of all the facts. Chitty on Bills, 505, 506. Guffin *v.* Goff, 12
Johns., 423. Jones *v.* Savage, 658. Agan *v.* McManus, 11 Johns.,

180. Miller v. Hackley, 5 Ibid., 375. Crane v. Colwell, 8 Ibid., 384. Donaldson v. Means, 4 Dall, 109. Story on Prom. Notes, §§ 365, 366.

*Robinson & Beatty*, for Respondent.

The declaration of the defendant, that he would do what was right, operated as a waiver of notice. 12 Pet., 505. 2 T. R., 713.

It is not necessary that an express promise should be made absolutely to pay the note, *in totidem verbis*. It will be sufficient, if, by reasonable intendment and interpretation, the language imports, or naturally implies, a promise to pay it—such as a promise that " he will set the matter to rights," has been held sufficient proof of waiver of notice. Story on Prom. Notes, § 364.

The language here used is, " though notice has not been given in proper time to me, as indorser, that the note has not been paid, yet I will do right." What did he mean by " doing right ?" Clearly, to pay the note. This is the only " reasonable intendment and interpretation" the language will bear. This clearly " imports and naturally implies" that he will pay it. This is the popular and universal acceptation of such words used in such connection. The popular mind could or would receive them in no other sense. Though by your *laches* you have absolved me from the payment of this note, yet I will do what is right. The whole sentence is foolish and absurd, if it does not mean that he would do voluntarily, without notice, what he would have to do with notice.

If the judgment of the Court below had been founded alone on this testimony, we expect there is but little doubt that it would be sustained. Whatever may be the correctness of other views of the Court below, the answer to the objection is, that *utile per inutile non vitiatur*. Strike all out but that admission, and there is sufficient to sustain the finding.

Terry, J., delivered the opinion of the Court. Murray, C. J., and Heydenfeldt, J., concurred.

This cause was tried by the Court without the intervention of a jury, and judgment rendered in favor of plaintiff. It is stipulated, that the finding of the facts by the Court shall constitute the statement on appeal.

From this finding, it appears that defendant being the holder of two promissory notes secured by mortgages, indorsed said notes, and assigned said mortgages before maturity, and for a full consideration, to one Palmer, since deceased, of whom plaintiff is executor.

It does not appear that the notes were presented to the payee at maturity, and notice of demand and non-payment given to defendant.

Defendant, in conversation with a third party after the maturity of the notes, said, "that the fact of notice not having been given at a proper time would make no difference with him—that he would do what was right." Upon these facts, the Court below decided, that "no presentment and notice of non-payment was necessary in order to bind defendant; he, having taken security in advance, is liable as principal."

This conclusion of law, from the facts found, is clearly erroneous. The mortgages were taken to secure the ultimate payment of the notes, were assigned by defendant at the time of endorsing them, and were beyond his control. They were evidently not intended to indemnify defendant against his liability as indorser, and could have no such effect.

But it is contended by counsel for plaintiff, that although the Court below may have erred in the view taken of the point on which the decision was predicated, that the declaration of defendant " that he would do what is right," is sufficient of itself to sustain the judgment, and consequently it should be affirmed.

I do not think this declaration addressed to a third party, not interested in the subject matter, a sufficient waiver of presentment and notice, to fix the liability of the indorser in this case.

Judgment reversed with costs, and cause remanded.