JOHN P. HIGGINS, Appellant, *against* THOMAS J. CRICH-
TON *et al.*, Impleaded, &c., Respondents.

(Decided June 5th, 1882.)

In an action brought by a judgment creditor, against the judgment debtor
and others, the plaintiff sought to set aside, as fraudulent, chattel mort-
gages of the debtor's property held by other defendants, and a general
assignment, to another defendant, of all the debtor's property for bene-
fit of creditors, or to postpone them to the lien of the plaintiff's judg-
ments; and he also sought to compel the foreclosure of a valid chattel
mortgage of the debtor's property, held by another defendant, and the
application of any surplus upon his judgments. *Held,* that a demurrer
to the complaint on the ground that causes of action were improperly
united should be sustained, as the different causes of action did not
affect all the parties to the action.

APPEAL from a judgment of this court sustaining demur-
rers to a complaint.

The facts are stated in the opinion.

*John Brooks Leavitt,* for appellant.

*Augustine M. O'Neil* and *James M. Lyddy,* for respon-
dents.

BEACH, J.—This appeal is from a judgment entered upon
a decision sustaining the demurrers of certain defendants to
the complaint, upon the ground, among others, of improp-
erly uniting causes of action.

Higgins v. Crichton.

The plaintiff is assignee of judgments against the defendant Thomas J. Crichton. Two of the other defendants who demur are alleged to hold chattel mortgages upon the debtor's personal property. These liens and a general assignment for the benefit of creditors, to another defendant, are sought to be set aside as fraudulent, or in default of that relief, to be postponed to the lien of the plaintiff's judgments. The defendant Close is averred to hold a valid chattel mortgage, and the only relief prayed against him is its enforced foreclosure, and the application of any surplus upon plaintiff's judgments. The cause of action against the defendants other than Close seems to be founded on fraud. The complaint is barren of allegation charging him with fraudulent action, prejudicial to plaintiff's rights under his judgments, and the validity of his security is not impeached.

The causes of action united in this pleading—the one for fraud affecting the assignment and chattel mortgages, the other against Close, the owner of a valid incumbrance—do not affect all the parties to the action, and consequently are not capable of joinder (Code Civ. Pro. § 484). It is not an answer to the objection, that no cause of action is stated against Close. The pleader has assumed to allege one, and cannot claim failure for a shield, when the pleading is thus questioned by other defendants. Whether or not a cause of action is set forth against Close, depends upon adjudication by the court. Until so decided its averment must be deemed sufficient.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and VAN BRUNT, J., concurred.

Judgment affirmed, with costs.