(7 Misc. Rep. 468.)

### ADAMS v. STEVENS et al.

(Common Pleas of New York City and County, Special Term. February,
1894.)

1. ACTION—JOINDER OF CAUSES.
   Several causes of action against several defendants cannot be joined
   unless each cause of action affects all the defendants; Code Civ. Proc.
   § 484, providing that plaintiff may unite in the complaint two or more
   causes of action "where they affect all the parties to the action."

2. PLEADING—JOINT DEMURRER.
   Where a complaint against several defendants shows a cause of action
   against each separately, but not against all jointly, defendants may de-
   mur jointly on the ground of misjoinder of causes of action.

3. SAME—PLEADING CAUSES OF ACTION.
   Where several causes of action are improperly joined, a demurrer will
   lie for the misjoinder, though the causes of action are indistinguishably
   blended in a single count or complaint.

Action by John J. Adams against Marietta R. Stevens and James
M. Rankin to recover for services rendered as an attorney at law.
Defendants demur to the complaint. Sustained.

Melville H. Regensburger, for plaintiff.
Noel Gale, for defendants.

PRYOR, J. In an action by an attorney for professional services
the defendants jointly demur to the complaint for misjoinder of
causes of action, in that the two alleged causes of action do not
affect both defendants. If the complaint in an action against two
defendant states facts showing a cause of action against each sep-
arately, but not a cause of action against both jointly, the defend-
ants may demur jointly on the ground of the misjoinder of causes of

action (Hess v. Railroad Co., 29 Barb. 39); and the demurrer is not obviated by the fact that the several causes of action are indistinguishably blended in a single count or complaint (Goldberg v. Utley, 60 N. Y. 427; Wiles v. Suydam, 64 N. Y. 173; Harris v. Eldridge, 5 Abb. N. C. 278; Zorn v. Zorn, 38 Hun, 67). By section 484 of the Code of Civil Procedure, the plaintiff may unite in the complaint two or more causes of action on contract, "where they affect all the parties to the action." Nichols v. Drew, 94 N. Y. 22, 26. The question for decision is whether two causes be apparent upon the complaint, and, if so, whether they affect both defendants. That two causes of action are stated in complaint is manifest beyond doubt. One cause of action is against the defendant Stevens, and it arises on her retainer of the plaintiff in March or April. The other cause of action is against the defendant Rankin, and it arises on his subsequent and independent retainer of the plaintiff. True, Rankin's retainer of the plaintiff was, if you please, by ratification of Stevens' previous retainer of the plaintiff; but, all the same, it is Rankin's contract that constitutes the basis of his obligation. True, too, that the services which plaintiff was to render on Rankin's retainer were in respect, if you please, of the same subject-matter of litigation for which Stevens retained Rankin; but then this subject-matter had been assigned by Stevens to Rankin, and so, after all, plaintiff's services were for the benefit of Rankin, and in pursuance of his retainer. But in truth the services rendered by plaintiff to Stevens were in and about the recovery of certain securities, stocks, and other property; and the services rendered to Rankin were in and about the recovery of different stocks, securities, and property, which became his by assignment from Stevens. It is open to plausible conjecture that Mrs. Stevens simply substituted Rankin in the litigation as her agent during her sojourn in Europe, but the complaint asserts a right of action against Rankin, and I am only to decide whether, on the face of the pleading, such cause of action affects the defendant Stevens. Higgins v. Critchton, 11 Daly, 114. I cannot perceive how, by any possibility, Stevens is concerned in a claim by plaintiff against Rankin for services rendered on his retainer and for his benefit. Still clearer is it that Rankin has no conceivable concern in plaintiff's claim against Stevens for services rendered to her upon her retainer, and before Rankin succeeded to any interest in the subject-matter of those services. The case is not of a joint or mutual interest between Stevens and Rankin in the subject-matter and the services, but of successive and separate interests in the subject-matter and the services. A joint liability is the effect of a joint obligation. Raft Co. v. Roach, 97 N. Y. 378, 382. The conclusion upon the reason of the case is sustained by authority. Tibbits v. Percy, 24 Barb. 39, 42; Brewster v. Silence, 8 N. Y. 207, 215; Hess v. Railroad Co., 29 Barb. 391, 394; Kelly v. Newman, 62 How. Pr. 156; Taylor v. Railway Co., 53 Hun, 305, 6 N. Y. Supp. 488; Pracht v. Ritter, 48 N. Y. Super. Ct. 509; Barton v. Speis, 5 Hun, 60; De Caumont v. Morgan, 21 Wkly. Dig. 357; Gray v. Rothschild, 112 N. Y. 668, 19 N. E. 847; Church v. Stanton, 9 N. Y. St. Rep. 121; Bort v. Yaw, 46 Iowa, 323; Johnson

v. Kirby, 65 Cal. 482, 4 Pac. 458; Doan v. Holly, 25 Mo. 357. I observe nothing inconsistent in plaintiff's citations. Of course, the infirmity in the pleading is not repaired by the formal allegation of a joint and several indebtedness. Abb. Tr. Brief, 238. Demurrer sustained, with direction to divide the action.