|No. 2772. Decided February 11, 1898.|

GEORGE J. WILLEY *et al.*, *Appellants*, v. JOSEPH E.
NICHOLS *et al.*, *Respondents.*

MISJOINDER OF CAUSES — ACTION ON BOND AND FOR DAMAGES.

An action against the principal and sureties upon an injunction bond for the penalty therein named and against the principal in a further sum for maliciously instituting the injunction proceeding for the purpose of harassing and injuring plaintiffs is demurrable on the ground of misjoinder of actions, one being based on contract, the other in tort.

Appeal from Superior Court, King County.—Hon.
E. D. BENSON, Judge. Affirmed.

*Ballinger, Ronald & Battle,* and *S. M. Shipley,* for appellants.

*John E. Humphries, W. E. Humphrey,* and *E. P. Edsen,* for respondents.

The opinion of the court was delivered by

REAVIS, J.—Plaintiffs commenced an action against defendants upon an injunction bond executed by defendant Nichols as principal and Phipps and Parker as sureties in the sum of $200. The bond was executed in consideration of the issuance of a temporary injunction in a suit then instituted by Nichols against the plaintiff George J. Willey. Afterwards the injunction was dissolved because wrongfully issued and plaintiffs in this action allege that they were damaged in the sum of $1,500 by reason of the issuance of the writ of injunction. They further allege that the defendant Nichols, who as plaintiff procured the writ, "wilfully and maliciously and with intent to harass and injure plaintiffs and each of them, instituted the action and sued out the injunction." Plaintiffs in this action seek to recover the sum of $1,550 against Nichols for his wilful and malicious prosecution of his action and issuance of the injunction therein, and also seek to recover the $200 penalty of the bond against all the defendants. Defendants demurred to the complaint upon two grounds; first, that two causes of action are improperly united, one upon a bond and the other on a bond and for damages, and second, that the complaint does not state facts sufficient to constitute a cause of action. The superior court sustained the demurrer upon the first ground, the improper union of two causes of action. The cause of action against Nichols may be viewed as essentially one for malicious prosecution, *i. e.,* for the groundless institution and prosecution of the suit without probable cause. The common law did not give this

34 – 18 WASH.

action merely on the ground that the former plaintiff may
have been unable to establish a claim asserted by a suit, al-
though the decision of that suit might conclusively deter-
mine the injustice and wrongfulness of his claim.   It al-
lowed every man to pursue his claims by the established
remedies subject to no other burthens or penalties but such
as were incident to the remedies themselves in case of fail-
ure, unless he had resorted to them not only without such
actual grounds as would insure success, but without even
probable cause or ground for the proceeding, and therefore
presumably for the mere purpose of harassing or injuring
the other party, either in respect to his life, liberty, proper-
ty or reputation, and the principle is the same whether
the malicious proceeding be a criminal prosecution or a civil
suit.   In either case the wrong consists not merely in the
falsity and consequent injustice of the charge or claim, but
in its being made by legal proceeding without probable
cause, and therefore, as the law decides, from malicious mo-
tives alone.   It is questionable whether there is a sufficient
negative of probable cause in the allegations of the com-
plaint to state a cause of action against Nichols for malici-
ously procuring the writ of injunction, but it is not material
to determine the sufficiency of these allegations now.   The
cause of action stated on the injunction bond is upon a
contract to pay all damages which the defendant in the
original suit might sustain by reason of the injunction if
wrongfully issued, not exceeding the penalty, and these
damages for the wrongful issuance of the injunction are
recoverable without reference to the motives inducing the
plaintiff to commence the action or procure the injunction.
The cause of action which plaintiffs endeavor to state
against the defendant Nichols for his malicious acts in pro-
curing the injunction is founded upon a tort.   The cause
of action stated against the three defendants upon the bond

arises upon the contract set out in the bond and they can not properly be united in this action. The superior court correctly sustained the demurrer. *Adams v. Stevens*, 27 N. Y. Supp. 993; *McKenzie v. Hatton*, 29 N. Y. Supp. 18; *Nichols v. Drew*, 94 N. Y. 22; *Chipman v. Palmer*, 77 N. Y. 51 (33 Am. Rep. 566); *Zorn v. Zorn*, 38 Hun, 67.

The judgment is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.