TODARO v. SOMERVILLE REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. March 4, 1910.)

CANCELLATION OF INSTRUMENTS (§ 37*) — SUIT TO RESCIND PURCHASE — UN-MARKETABLE TITLE—COMPLAINT.

    The complaint of a grantee of land, in an action to rescind his contract of purchase, the deed to him, and the purchase-money mortgage given him, on the ground of an unmarketable title having been fraudulently foisted on him, is insufficient; it merely stating the assertion of a hostile claim by a third person, but alleging no facts showing a basis for such claim.

    .[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 74–80; Dec. Dig. § 37.*]

Appeal from Special Term, Kings County.

Action by Filippo Todaro against the Somerville Realty Company and others. From an adverse judgment, plaintiff appeals. Affirmed. See, also, 120 N. Y. Supp. 1145.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

William McArthur, for appellant.

George H. Taylor, Jr., for respondents.

CARR, J. This appeal brings up for review an interlocutory judgment sustaining a demurrer to the complaint herein on the ground that it does not set forth facts sufficient to constitute a cause. This complaint has been before this court for consideration as to its sufficiency in the action of Schuller v. Todaro, 120 N. Y. Supp. 1145, decided December 30, 1909, and it was held by this court that it did not state a cause of action against the defendant Schuller. We might well dispense with any further consideration of the question, were it not for the fact that our prior decision was not accompanied with an opinion, and the further fact that, on this appeal, the contentions of the appellant are presented with so much earnestness and learning as to justify a brief declaration by this court of its opinion on the question of law underlying the proper determination of the present controversy.

The complaint attempts to state a cause of action for equitable relief against all the defendants. It covers more than 20 printed pages,

---

and will be discussed here summarily, but with care for accuracy. As to all the defendants, except the city of New York, it attempts to state a cause of action for a rescission in equity of a certain contract of sale of real property, the deed received under the contract, and purchase-money mortgages given on the receipt of the deed. The right to this rescission is predicated on certain alleged fraudulent representations as to the sufficiency of the title to the real property in question, and an alleged fraudulent concealment of material facts relating to the same question of title. As the result of this alleged fraud by actual representations and dishonest concealment, the plaintiff contends that he has been induced to accept a title to real property, which title is either bad or so beclouded with uncertainty as to be unmarketable. His contention is that his contract entitled him to a marketable title, and as to that we think he is right; but nowhere in his complaint does he plead any facts which indicate that the title acquired by him is either bad or unmarketable, and, while there are many characterizations in the complaint as to the "fraudulent" acts of the defendants above referred to, there is no real allegation of any facts which, on the face of the complaint, support the characterizations, for, unless the title in question is alleged to be bad or unmarketable, then there can be no fraud. No doubt the appellant believes that he has pleaded that the title is unmarketable, but he has not done so in fact. It is on the face of the complaint that we must look for the cause of action, and not in the inner recesses of the pleader's mind.

On the question of the title, the most that is pleaded is that the defendant the city of New York makes a hostile claim as the owner of the land in question. The mere making of a hostile claim against a person in possession of real property does not make the title of the possessor unmarketable, for the hostile claim may arise from a basis so insubstantial as to be unworthy of serious consideration. It is true that the pleader attempts to set forth in the complaint certain alleged facts to show a serious basis for the hostile claim on the part of the city, and thus to present a prima facie case of unmarketability. Yet the facts so alleged do not show any basis for the hostile claim or suggest unmarketability. It is alleged that the land in question was formerly under tide water, and was reclaimed from the sea by filling in, and made dry land, and that the parties who filled it in had a grant from the state of the land under water in front, presumably, of their upland, and claimed under no other source of title to the land reclaimed. So far, so good. The state presumably had title to the land under water, and had power to grant it to the owner of the upland.

But, says the pleader, the land in question was situated in that part of the present city of New York which formerly was in the city of Brooklyn, and theretofore in the old town of Gravesend, and the city of New York now claims in it all the rights which the town of Gravesend claimed or had in it. The pleader does not tell us, however, what rights the town of Gravesend apparently had in it, and therefore we have no basis on the face of the complaint for inferring that the claims of the town in regard to the title of these lands had any ground whatever. Unless we must hold that an adverse claim, in its very self,

renders a title unmarketable—and surely that has never been held—we must conclude that there is nothing in this complaint which sets forth either a bad or an unmarketable title fraudulently palmed off on the plaintiff. To test the sufficiency of the complaint, we must confine ourselves to its four walls. If we do so here, then we find no allegation of bad title, or unmarketable title, and hence no allegation of actual fraud.

If we were permitted to look beyond the complaint, we might easily surmise what the pleader had in mind, but very carefully refrained from expressing. The former town of Gravesend was one of the old colonial towns of the British colony of New York. It may have received colonial grants of the land under water within its boundaries, and these grants may have conveyed to the town the very land which forms the subject of the present controversy; if so, then the grant from the state might convey no title, and the hostile claim on the part of the city of New York would become intelligible, at least. Yet this pleading, now under consideration, tells us nothing to show that the adverse claim of the city of New York is anything better than an empty shadow.

The pleader seems to recognize the peculiar nature of his complaint on the questions here outlined; for he asks, against the individual defendants, not absolute rescission, but conditional rescission. He has brought in the city of New York as a party defendant, and asks that it be barred of all claim of title to the premises, not on the ground that it has no title, but that, because of certain alleged conduct on its part, it should be estopped from asserting title, if it ever had any. If he succeeds in barring the city, he does not wish rescission as to the other defendants, but elects to affirm; if he cannot get a judgment barring the city, then he demands rescission and damages.

For the reasons we have pointed out, we are of opinion that the complaint does not state facts sufficient to constitute a cause of action against the individual defendants, and that the interlocutory judgment sustaining the demurrer should be affirmed, with costs. All concur.