TODARO v. SOMERVILLE REALTY CO. et al.

(Supreme Court, Appellate Division, Second Department. April 22, 1910.)

1. ACTION (§ 38*)—JOINDER OF CAUSES.

That a complaint attempting to set up two separate causes of action was unsuccessful as to one of them would not render the complaint good as against a demurrer for misjoinder, but its sufficiency must be determined as if the attempt to set up both causes were successful.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

2. ACTION (§ 38*)—JOINDER OF CAUSES.

On demurrer for misjoinder of causes of action, the form of the complaint does not control, and it may be searched to ascertain whether in fact it sets forth two causes of action.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

3. ACTION (§ 50*)—JOINDER OF CAUSES.

If a fraud complained of by plaintiff was contributed to by all of the defendants, though in different measures and in different stages of a transaction or transactions connected with the same subject-matter, and all of the defendants had an interest in the same subject-matter, there would be no misjoinder in equity simply because the complaint did not allege a joint act of defendants in perpetrating the alleged fraud.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 524; Dec. Dig. § 50.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**4. PLEADING (§ 193\*)—DEMURRER—MISJOINDER OF CAUSES OF ACTION.**

The objection to a complaint that it joins separate causes of action which require different places of trial, in violation of Code Civ. Proc. § 484, cannot be raised by demurrer, where the action is in equity.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 435; Dec. Dig. § 193.\*]

**5. ACTION (§ 50\*)—JOINDER OF CAUSES.**

Equity permits all persons related to the subject-matter having a common interest in one or more branches of it to be joined in an action, when the subject-matter has become so involved and the rights of the parties are in such doubt that it is difficult to determine who is and who is not liable except upon a full hearing, and hence a complaint alleging that plaintiff purchased real property from R., alleged to have been a representative of defendant S., under a written contract with R., and under the contract paid the cash prescribed, gave two purchase-money mortgages, as required, received a full covenant warranty deed from S., and thereupon entered into possession of the property, and improved it at great expense, that he has paid interest on the mortgages, but has discovered that the land is subject to a hostile claim of defendant city, that he was misled as to the true character of the title by active fraudulent representations and dishonest concealment of material facts by his grantor, and the purchase-money mortgagees, and by the inequitable conduct of defendant city, which stood by and allowed the land to be sold by parties who had no title, so that, if plaintiff does not pay off the mortgages, he will be foreclosed, and, if he does pay them, he will still lose the property, whenever defendant city determines to eject him, and asking that defendant city be barred of any claim to the property, and, if he shall not secure a judgment barring defendant city, then that his purchase be declared rescinded, the deed to him canceled, mortgages set aside, and the cash paid by him returned, with damages for the improvements made, is not demurrable on the ground that it attempts to state two independent causes of action, which do not affect all of the parties to the action, which cannot be joined under Code Civ. Proc. § 484.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 524; Dec. Dig. § 50.\*]

Appeal from Special Term, Kings County.

Action by Filippo Todaro against the Somerville Realty Company and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiff appeals. Reversed, and demurrer overruled.

See, also, 121 N. Y. Supp. 440.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, BURR, and CARR, JJ.

William McArthur, for appellant.

Clarence L. Barber (Theodore Connoly, on the brief), for respondents.

CARR, J. This is an appeal from an interlocutory judgment sustaining a demurrer on the part of a defendant the city of New York to the complaint herein. As to the sufficiency of the complaint as to the other defendants we have expressed our opinion in another appeal in this same action, decided March 4, 1910. 121 N. Y. Supp. 440. The ground of the present demurrer is that the complaint attempts to state two independent causes of action which do not affect all of the parties to the action, and which, therefore, cannot be joined in the

---

*\*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

same complaint under section 484 of the Code of Civil Procedure.  In the other appeal from an interlocutory judgment sustaining a demurrer on the part of the other defendants, the question was, not as to misjoinder of causes of action, but whether the complaint stated facts sufficient to constitute a cause of action against the defendants who demurred on that ground alone.  We held there that the demurrer was properly taken.  Here, however, the question is different.  The defendant the city of New York demurs, not on the ground of the insufficiency of the complaint to state a cause of action, but on the distinct ground that it did in fact state two separate causes of action which were not joinable in the same complaint; these two separate causes of action being claimed to consist of one against the other defendants and another against the defendant the city of New York.  We cannot dispose of this present appeal by pointing out that we have just decided that no cause of action is set forth against the other defendants, and that therefore the complaint states but one cause of action, and that against the defendant the city of New York.  If we could do so, an easy way of disposing of a perplexing controversy would be at hand.  It has been held, however, that on a demurrer for misjoinder of causes of action the question raised cannot be disposed of, if in truth there is an attempt to state two separate causes of action, by pointing out that the attempt has failed as to one of the causes of action; but the question of misjoinder must be considered and decided as if the attempt were successful.  Higgins v. Crichton, 11 Daly, 114, s. c. 98 N. Y. 626; O'Connor v. Virginia Passenger & Power Co., 184 N. Y. 46, 76 N. E. 1082.

The complaint now before us does not appear to state two causes of action separately; but the allegations stating either one or two causes of action are intermingled and stated as if there was but one cause of action.  On a demurrer for misjoinder of causes of action, the form of the complaint does not control, and it may be searched to ascertain whether in fact it sets forth two causes of action.  O'Connor v. Virginia Passenger & Power Co., ut supra; Goldberg v. Utley, 60 N. Y. 427.

This brings us to an examination of a somewhat long and involved complaint—and this is said in no carping spirit, for perhaps its length and prolixity were not easily avoidable.  To state its contents briefly: The plaintiff is in possession as owner of certain real property at Coney Island in the borough of Brooklyn.  He purchased the property from one Ryan, who is alleged to have been a representative and agent of the defendant the Somerville Realty Company, under a written contract with said Ryan.  Under that contract he paid the cash prescribed by its terms and gave two purchase-money mortgages, as therein prescribed, and received a full covenant warranty deed from the Somerville Realty Company.  He thereupon entered into possession of the property and built a house and other structures upon it at an expense of over $7,000.  He has paid interest on the mortgages, but has now discovered that the land in question is the subject of a hostile claim of ownership on the part of the defendant the city of New York.  He claims that he was put to sleep as to the true character of the title

by active fraudulent representations and dishonest concealment of material facts on the part of his grantor and the purchase-money mortgagees, and likewise by the inequitable conduct of the city of New York, which stood by and allowed the land, to which it claims title, to be offered for sale to innocent purchasers by parties who had no title. He claims that he is in the position of "the cloth between the shears," because, if he does not pay off the mortgages, he shall be foreclosed of his rights in the property, and, if he does pay off the mortgages, he may still lose the property itself whenever the city determines to eject him. He asks relief, therefore, that the defendant the city of New York be forever barred of any claim to the property in question because of its inequitable conduct in allowing the property to be dealt with as if it were in private ownership, and, if he should not be able to secure a judgment barring the city, then he asks that his contract of purchase be declared rescinded, the deed to him canceled, and the purchase-money mortgages set aside, together with a return of the cash paid under the contract, and for damages for the improvements made by him. The relief as to rescission and damages is sought exclusively against the defendants who, directly or indirectly, were parties to the contract of sale of the real property, excluding the defendant the city of New York. The questions, therefore, before this court, are whether these facts constitute but one cause of action, or, on the contrary, two separate causes of action, one against the city and another against the other defendants; and, if two separate causes of action, can they be joined in the one complaint under section 484 of the Code of Civil Procedure?

In a large sense the cause, or causes, of action attempted to be stated in this complaint call for relief in equity, or, at least, according to the rules of equity. So far as the plaintiff is proceeding against the city of New York, he must rest his action on certain statutory provisions, viz., sections 1638 to 1650 of the Code of Civil Procedure. These are the sections which grant a right to maintain an action to determine a hostile and unjust claim to real property in the possession of a plaintiff, and regulate its form and procedure. They are not simply declaratory of pre-existing rights of action at equity; for, while they embrace a subject formerly cognizable at equity, in varying aspects, they enlarge the scope of relief and grant a remedy far broader than that afforded by the old equitable remedies of a "bill quia timet," or a "bill to quiet title." 2 Pomeroy's Equitable Remedies, §§ 723–743, inclusive. While it is important to bear this distinction in mind, it is not controlling in the decision of the question now before us, for section 484 of the Code allows a joinder of causes of action, under certain circumstances, whether they be legal or equitable.

It is insisted most earnestly by the able counsel for the appellant that this complaint states but one cause of action because the whole controversy relates to but one subject-matter, viz., a determination as to the title to the real property described in the complaint, and that all the parties to the action are affected in one way or other by such determination. If it be determined that the defendant the city of New York should be barred of all claim of title, then that determination

affects all the defendants, though in different ways and degrees; the city loses its right to assert a hostile title, and some of the other defendants have an adjudication which supports their mortgages as liens upon the land, and exonerates one of them from claims under its covenants of warranty. If, on the contrary, the city's claim of title be upheld, then the other defendants lose their rights under the purchase-money mortgages, and become liable to the plaintiff for the results flowing from their alleged fraud.

While section 484 of the Code of Civil Procedure was designed to simplify the process of pleading, it has not fully accomplished the intended result, for the books are full of cases wherein the question of whether there was one cause of action, or several causes of action properly joined, has been debated and decided with rather frequent and sharp division of judicial opinion. These conflicts of opinion have arisen from the ever present desire to bend the rigidity of procedure to the exigencies of substantial justice in the particular case. In the early stages of our jurisprudence, procedure dominated substantive law. It was then far more important to know whether there was a form of action to afford a remedy for the enforcement of a right than it was to possess a right. As Sir Henry Maine declared:

"So great is the ascendancy of the law of actions in the infancy of courts of justice that substantive law had at first the look of being gradually secreted in the interstices of the forms of action." Maine's Early Law & Customs, 389.

This ascendency of procedure begat the system of equity jurisprudence as a necessary corrective or supplement, which in turn so hardened under its own forms of procedure that a bill in equity became the work of specialists in pleading and proved frequently a pitfall for him who ventured in without long and arduous training. Equity no longer had the arms of Briareus, but went thenceforth fettered to some extent with procedure until the comparatively recent reforms in pleading, enacted in the Codes of Civil Procedure or by the rules of the various courts. While the fetters are not so impeding nor so galling as in the past, many of them still remain, and doubtless necessarily so, for the purpose of procedure is order, and without order there can be no satisfactory nor uniform enforcement of substantive law. Therefore, however desirable it may be that a plaintiff may obtain all his remedies in one action, the court is bound, in its attempt to enforce his rights, by the procedure laid down by sovereign authority, for it is alone by delegation from this sovereign authority that a court has power in the premises at all.

The appellant seeks to bring the complaint within the scope of the ruling in Porter v. International Bridge Co., 163 N. Y. 79, 57 N. E. 174, where, in answer to a demurrer for misjoinder, it was held that the complaint stated but one cause of action. There the complaint stated that the plaintiffs' ancestors as owners of certain land in the city of Buffalo had granted to the city a license to use the land as a public square, and that certain defendants, railroad corporations, acting under permission from the city, had wrongfully entered upon the land and laid railway tracks, and built structures thereon and continued to trespass thereon. The relief sought was that the defendants be

enjoined from continuing the alleged trespass, unless they should acquire from the plaintiffs by purchase their outstanding rights in the fee of the land. The theory of the demurrer was that there were two causes of action pleaded, one for ejectment and one in equity, and that their joinder in one complaint was not allowable. The Court of Appeals said that there was but one cause of action stated, and that in equity, to determine and enforce the rights of the various parties to the property which was the subject of the action, and that, in the language of the court:

"All the rights sought to be established and enforced arose out of the same transaction or transactions connected with the same subject of action, and their joinder in the same complaint was justified by the provisions of section 484."

Here, it is apparent, from the very language of the court, that its decision was not based exclusively upon the theory that there was but one cause of action, but rather that, if there were really several causes of action, they were joinable in the one complaint.

So far as concerns the complaint before us, if it states two causes of action, they may be joined therein under section 484 of the Code of Civil Procedure, provided they arise "out of the same transaction, or transactions connected with the same subject of action," and provided further that it appears on the face of the complaint "that they are consistent with each other; and, except as otherwise prescribed by law, that they affect all the parties to the action." Code Civ. Proc. § 484. In sustaining the demurrer of the city of New York for an improper misjoinder of causes of action, the learned court at Special Term declared that "the demurrer of the city is good beyond the possibility of discussion," and refrained from any further expression of opinion. To our mind, the question here involved is not so simple. The real ground of the demurrer is that there is a misjoinder of causes of action because the two alleged causes of action do not affect all the parties to the action; that is, as the respondent contends, the claim of fraud on the part of the other defendants does not affect the city's title to the land described in the complaint. Whether there be one or two causes of action stated in the complaint, the subject-matter of the action is the land described in the complaint, and all of the defendants are interested therein. It is not necessary that the plaintiff's cause of action should arise against all the defendants out of the same transaction; it may arise from a series of transactions connected with the same subject-matter. The gravamen of the complaint is an alleged fraud through which the plaintiff claims to have been injured. It is from this alleged fraud that his cause or causes of action arise. He claims that he was deceived by the fraud in question because the city stood by knowingly, secretly possessed of, or claiming, title, while the other parties offered the land, to which they had no title, for sale to innocent purchasers. The fraud which deceived and injured him consisted not alone of the acts of the other defendants, but likewise, and just as effectively, of the passive and concurrent act of the city in standing by quietly when it was chargeable with knowledge of what its codefendants were seeking to do. In other words, the fraud which

deceived him was contributed to by all the defendants, though in different measures and in different stages of a transaction, or transactions connected with the same subject-matter. In such a condition, where all the defendants have an interest in the same subject-matter, there will be no misjoinder, in equity, simply because the complaint does not allege a joint act of the defendants in perpetrating the alleged fraud. Fellows v. Fellows, 4 Cow. 682, 15 Am. Dec. 412, and cases cited. For a full discussion of this question, applied however to different facts, reference may be had to the opinion of Mr. Justice Jenks in Rogers v. Wheeler, 89 App. Div. 435, 85 N. Y. Supp. 981.

It is urged, however, that if the defendant the city of New York should by its answer raise an issue of fact and set up its own title, it will become entitled to a trial by jury. Code Civ. Proc. § 1642. This being so, it is further urged that the causes of action set forth in this complaint will demand two places of trial, one before a jury as to the defendant the city of New York, and one before the court alone in equity. Section 484 of the Code expressly provides that, in order that separate causes of action may be joined in one complaint, "it must appear upon the face of the complaint, that they do not require different places of trial." It has been held, however, that this objection cannot be raised by demurrer (Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835), where the action is in equity. When the defendant the city of New York comes to answer, it may disclaim any title whatever, or it may set up a title in which the only question will be one of law, or it may set up a title which on equitable grounds it may be barred from asserting. Even in an action in ejectment, the question of estoppel may be one for the court and not for a jury. Trustees, etc., v. Smith, 118 N. Y. 634, 23 N. E. 1002, 7 L. R. A. 755. As was said in Townsend v. Bogert, ut supra:

"The plaintiff cannot negative in his complaint a character of their claim of which he asserts his ignorance. * * * If his (the defendant's) interest is of a nature not subject to a trial in the partition suit, he may plead the facts in his answer and again seek a dismissal of the complaint as against himself. And so his rights may be perfectly preserved without leaving the plaintiff to blunder in the dark to an imperfect remedy."

Whether this complaint states one or two causes of action, we think that it is not demurrable on the grounds assigned in the demurrer. The plaintiff has come into equity, under very embarrassing circumstances, and, as was said by this court but very recently:

"Equity permits all persons related to the subject-matter, who have a common interest in one or more branches of it, to be joined in an action when the subject-matter has become so involved and the rights of the parties are in doubt and it is difficult to determine who is and who is not liable, except upon a full hearing before the court, which can adjudicate the questions and settle the rights of all of the parties, and make its judgment so full and comprehensive as to quiet the controversy in all of its aspects, protect those compelled to obey its decrees, and prevent further litigation." Rich, J., in Caleo v. Goldstein, 134 App. Div. 228, 118 N. Y. Supp. 859.

We are of opinion, therefore, that the judgment sustaining the demurrer and dismissing the complaint should be reversed, with costs and disbursements, and that the demurrer should be overruled, with

$30 costs and disbursements, and that the defendant be permitted to answer the complaint within 20 days on payment of the costs aforesaid. All concur.