[No. 8927.   Department One.   December 5, 1910.]

MAUGHLIN MILL COMPANY, *Respondent*, v. ERIC HAMILTON *et al., Appellants.*[1]

ACTIONS—MISJOINDER OF CAUSES—INJUNCTION—BONDS. An action upon an injunction bond indemnifying the plaintiff to the extent of $500 is not demurrable on the ground of misjoinder of causes of action, from the fact that it alleges damages and prays for judgment in excess of the amount of the bond, where all the damages alleged were of such a nature as to be secured by the bond up to the amount limited thereon.

VENDOR AND PURCHASER—BONA FIDES—CONSTRUCTIVE NOTICE—POSSESSION. A purchaser of timber lands has sufficient notice of a prior unrecorded deed of the timber to put him on inquiry, where he had knowledge that the purchaser of the timber had constructed a logging camp, houses, etc., and a skid road on the land and had cut nearly a million feet of logs then lying on the ground.

APPEAL—REVIEW—HARMLESS ERROR—COUNTERCLAIM—EXCLUSION. It is not prejudicial to exclude evidence of damages under a counterclaim for trespass, in an action upon an injunction bond which restrained the plaintiff from cutting timber on defendants' lands, where the principal issue was over the plaintiff's right to the timber

[1]Reported in 111 Pac. 1067.

conveyed to him by a deed prior to defendants' deed to the land, and both parties were allowed to introduce their evidence on this issue, which was resolved in favor of the plaintiff.

INJUNCTION—BONDS—INDEMNITY—DAMAGES RECOVERABLE. In an action on an injunction bond, to indemnify plaintiffs from damages by reason of a temporary restraining order, until the hearing could be had, returnable May 15, it is not error to allow the plaintiff to show damages suffered up to May 22, at which time the hearing was had and the order dissolved, where it appeared that the plaintiff required that additional time in order to prepare for the hearing.

Appeal from a judgment of the superior court for King county, Ronald, J., entered November 20, 1909, upon the verdict of a jury rendered in favor of the plaintiff, in an action on contract.   Affirmed.

*William Martin* and *Julius L. Baldwin*, for appellants.

*Robert F. Booth*, for respondent.

PARKER, J.—This is an action upon a bond executed by the defendant Eric Hamilton as principal, and the defendant American Bonding Company as surety, to secure to the plaintiff costs and damages which might result by reason of the issuance of a restraining order against it at the instance of the defendant Hamilton.   The plaintiff, on and prior to May 8, 1908, was conducting a logging camp and carrying on logging operations upon land in King county, under a conveyance of the timber thereon, executed to it in December, 1906, by William E. Mills and wife, the then owners of the land.   The allegations of the complaint necessary for us to notice are as follows:

"That on or about the 6th day of May, 1908, the above named defendant, Eric Hamilton, commenced an action in the above entitled court, being cause No. 61,194, entitled 'Eric Hamilton, plaintiff, vs. Maughlin Mill Co., a corporation, defendant'; that said plaintiff therein, Eric Hamilton, on said 6th day of May, 1908, applied to said court for a temporary restraining order enjoining said defendant Maughlin Mill Company, plaintiff herein, from going upon or trespassing upon the land above described, and further restraining said

defendant, plaintiff herein, from cutting and carrying away, or causing to be cut or carried away any timber or trees from said lands or selling, removing, or disposing of any trees or timber cut or removed on or from said lands.

"That in accordance with said application, the above entitled court granted the restraining order on said 6th day of May, 1908, and the same was duly served upon said defendant, Maughlin Mill Company, plaintiff herein, on the 8th day of May, 1908, and that in accordance with said order the said Maughlin Mill Co., shut down its logging camp and ceased operations and remained closed until the 22nd day of May, 1908, when the above entitled court refused to continue said restraining order, and said cause was, on motion of plaintiff therein, Eric Hamilton, dismissed by the court, and judgment entered for said defendant therein.

"That the order granting the restraining order above described required the said plaintiff therein to file a bond in the sum of $500 to indemnify said defendant therein against all costs and damages which might accrue by reason of the issuance of said restraining order, and in accordance with said order, the above named defendant, Eric Hamilton, secured from the above named defendant, American Bonding Company, of Baltimore, an obligation or bond in writing, conditioned to pay all costs and damages that said Maughlin Mill Company might suffer by reason of the issuance of said restraining order, which bond was duly filed, properly executed, and a copy thereof is hereto attached, marked Exhibit A, and made a part hereof.

"That by reason of the shutting down of said logging camp and the ceasing of operations, the above named plaintiff was damaged in the sum of $532.75, as follows:

For loss of time of men employed by month for the
  period of 13 days.................................. $357.50
For meals furnished to men during said period, of 13
  days, and board of horses ........................   45.25
Loss of time of A. J. Maughlin, at $10 per day....   130.00
                                                    _____

  Total ........................................... $532.75

"That the above named plaintiff was damaged to the extent of $100 per day by reason of loss of profit during said period of 13 days, or a total sum of $1,300."

The bond attached is in usual form, and the prayer is for judgment against both defendants for the total amount of damages alleged. The complaint was demurred to by the defendants upon the ground, "that several causes of action have been attempted to be improperly united in said complaint." This demurrer was overruled, and thereupon the defendants answered separately. The defendant Hamilton answered, denying that any damage resulted to the plaintiff from the issuance of the restraining order, and alleged affirmatively, in substance, that since August 29, 1907, he has been the owner in fee simple of the land and timber thereon; that he then acquired the land and timber by warranty deed from William E. Mills and wife, without notice actual or constructive of any claim of the plaintiff thereto; that thereafter the plaintiff trespassed upon the land and cut and removed logs therefrom, when the restraining order was applied for and issued; that upon the hearing for the continuance of the restraining order in force pending the suit "the court ruled that a permanent restraining order would not lie to prevent trespass upon land because there was an adequate remedy at law;" and thereafter the suit was dismissed at the instance of the plaintiff Hamilton, the defendant in this action.

The defendant Hamilton in his answer, as a "further and affirmative defense and cross-complaint," alleged trespass upon the land by the plaintiff since August 29, 1907, the date of the conveyance from Mills and wife to him, claiming treble damages on account thereof in the sum of $7,978. The answer of the defendant bonding company, is in substance the same as that of Hamilton, omitting the cross-complaint. A trial before the court and a jury resulted in a verdict for the plaintiff in the sum of $470. The defendants' motion for a new trial was denied, and judgment was entered upon the verdict. The defendants have appealed.

It is first contended by learned counsel for appellants that the complaint improperly unites a cause of action based upon tort with one based upon contract, and that therefore the

demurrer to the complaint upon that ground was erroneously overruled by the superior court. It is clear that the complaint states a good cause of action upon the bond, though it alleges facts showing damages in a much larger sum than the amount of the bond. The damages alleged, however, if the allegations of the complaint be true, all resulted from the issuance of the restraining order, and therefore were secured by the bond to the extent of the amount of the bond. In order to hold that there is here pleaded two causes of action which cannot be joined, we would have to so hold solely upon the ground that the amount of damages claimed exceeded the amount of the bond. It is true the prayer is for a larger judgment than the amount of the bond, but it is not a different judgment against each appellant. It is simply a prayer for a larger judgment than the pleaded facts show the respondent is entitled to. The fact that a plaintiff alleges items aggregating more than he is entitled to recover, and prays for judgment accordingly, does not defeat his right to recover in that action the amount he is in fact entitled to, even though this situation should appear on the face of his complaint, if the items are all of such nature that, if recoverable at all, they are secured by the obligation sued upon, up to the amount limited by such obligation.

Our attention is called to *Willey v. Nichols*, 18 Wash. 528, 52 Pac. 237, relied upon by appellants. That was an action where the plaintiffs sought to recover from the principal and sureties upon a temporary injunction bond the amount of the bond, $200, for damages resulting from the issuance of the injunction; and in the same action sought to recover from the principal alone, who was plaintiff in the injunction suit, $1,550 damages, alleged to have resulted from his malicious prosecution of the injunction suit. This court held these causes could not be united. That was clearly a different situation from the one here presented. We do not think that this complaint attempts to state two causes of action. The overruling of the demurrer was not erroneous.

It is contended in behalf of appellants that the trial court was in error in refusing to grant the nonsuit asked for by appellants' counsel at the close of respondent's evidence; the argument being that the evidence was not sufficient to warrant the submission of the case to the jury.   The trial proceeded upon the theory that respondent's right to recover depended upon its title to the timber and its right to be upon the land and prosecute its logging operations there, at the time of the issuance of the restraining order.   There is no question of the sufficiency of the conveyance of the timber by Mills and wife to respondent in December, 1906, whereby it was given five years to remove the timber, as between Mills and wife and respondent.   This conveyance, however, was not recorded in the county auditor's office when appellant Hamilton purchased the land.   So that when appellant Hamilton acquired his title to the land by warranty deed from Mills and wife in August, 1907, the right of respondent became dependent upon the notice appellant Hamilton then had of its right to the timber.   This became the primary issue of fact in the case; and if rightly determined by the jury in respondent's favor, all other questions of fact, save the amount of respondent's damages, became immaterial.

Upon the question of appellant Hamilton's having notice of respondent's rights, there was evidence tending to show the following:   In February, 1907, respondent went upon the land and commenced the establishment of a logging camp there, and soon thereafter completed a stable, bunk-house, cook-house, office, water tank with tower, and some other small structures.   It also built a skid road upon the land, rendering practically all of the land and timber accessible. It commenced and carried on logging operations and had cut in the neighborhood of three quarters of a million feet of logs up to the 29th of August, 1907, the date of appellant Hamilton's purchase of the land.   These logs were all lying upon the ground at that time.   There was also evidence tending to show that appellant Hamilton had actual knowledge

of the operations and business of respondent in that neighborhood such as would put an ordinarily prudent person upon inquiry as to respondent's claim of right to this timber. Without further reference to the evidence tending to show that appellant Hamilton had notice of respondent's claim, we deem it sufficient to say that we think the evidence was ample to warrant the jury in concluding that he had such notice when he purchased the land, even though the conveyance of the timber from Mills and wife to respondent had not been recorded. The jury was fairly instructed upon the question of notice by possession, in harmony with the views heretofore expressed by this court in *Dennis v. Northern Pac. R. Co.,* 20 Wash. 320, 329, 55 Pac. 310. Upon the question of the amount of damages awarded by the jury, we think the evidence was ample to support the jury's finding upon that question. We are of the opinion that the denial of the motion for nonsuit was not erroneous.

We have noticed that appellant Hamilton by his cross-complaint claimed damages against respondent on account of its alleged trespass upon the land after he had acquired title thereto by the conveyance to him from Mills and wife. Upon the trial, counsel for respondent objected to the introduction in behalf of appellant Hamilton of any evidence of damages resulting from this alleged trespass, upon the ground that the issues raised by the cross-complaint were not properly in the case. The court sustained this objection, apparently upon the ground that the cross-complaint did not constitute such a counterclaim as may be properly contained in an answer to the complaint in this action. It is argued that this was error. Since the jury must have found, upon sufficient evidence, as we have noticed, that respondent was rightfully upon the land, removing its timber therefrom, the exclusion of evidence of the amount of appellant Hamilton's alleged damage caused by respondent's alleged trespass could, in no event, have been prejudicial error. It necessarily followed from the jury's finding that respondent was not guilty of trespass. Neither

party was restricted by the court in the introduction of evidence tending to show their respective rights to the timber. Indeed, this was conceded to be, as we have already noticed, the primary question for the jury to determine. When it was resolved by the jury in respondent's favor there was not, in any event, any damages resulting to Hamilton.

The restraining order was returnable May 15, and by consent of all parties the hearing thereon was continued until May 22, to enable respondent to prepare therefor. It is contended that the trial court erroneously admitted evidence of damage resulting to respondent from the delaying of their business during this period. In view of the evidence showing the necessity for respondent having this additional time to prepare for the hearing, we think it was not error to admit evidence of damage caused by the delay of the business of respondent during this period, as well as the damage resulting from delay of its business caused by the restraining order before the return day fixed in the order.

We find no prejudicial error in the record. Appellants had a fair trial, and the evidence was ample to support the verdict. The judgment is affirmed.

RUDKIN, C. J., MOUNT, FULLERTON, and GOSE, JJ., concur.