OBERMAYER v. GEERING.

(Supreme Court, Special Term, New York County. July, 1911.)

1. ACTION (§ 48*)—COMPLAINT—MISJOINDER OF CAUSES.
    Code Civ. Proc. § 484, subd. 9, authorizing joinder of causes of action upon claims arising from the same transaction, does not authorize joinder of a cause of action for threatened breach of defendant's agreement not to sell or manufacture certain articles, the covenant being contained in an agreement by which the partnership between plaintiff and defendant was dissolved, and the good will purchased by plaintiff, with a cause of action based on defendant obtaining a patent for plaintiff's invention, covering the same class of articles; the patent having nothing to do with the partnership nor with its dissolution.
    [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 490–510; Dec. Dig. § 48.*]

2. PLEADING (§ 343*)—COMPLAINT—MISJOINDER OF CAUSES OF ACTION.
    Objection to a complaint for misjoinder of causes of action may be taken, though the complaint does not purport to state the separate causes of action, as such, or the complaint may have been framed upon the theory that it contained but a single cause of action.
    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1048–1051; Dec. Dig. § 343.*]

Action by Otto Obermayer against Adolph Geering. On motion for judgment on the pleadings. Motion granted conditionally.

Charles Coleman Miller, for the motion.
Bondin & Liebman, opposed.

GIEGERICH, J. [1] The plaintiff in substance alleges the threatened breach by the defendant of a covenant not to sell or manufacture cane ship fenders, which covenant was contained in a dissolution agreement by which the partnership theretofore existing between the plaintiff and the defendant was dissolved and the good will purchased by the plaintiff. For this threatened injury he asks relief by way of injunction. He further alleges that during the existence of the partnership the defendant secretly applied for a patent upon an improvement

in the cane ship fenders, which improvement had been invented or devised by the plaintiff; and that since the dissolution of the partnership the patent has been issued to the defendant, who has offered the same for sale. For relief the plaintiff, among other things, asks that the defendant be adjudged to hold the patent in trust, and be directed to assign it to plaintiff. The defendant demurs to the complaint upon the ground that causes of action have been improperly united; to the cause of action relating to the patent upon the ground that this court has no jurisdiction; and to each of the two causes of action upon the ground that neither of them states facts sufficient to constitute a cause of action. I think it is evident that the plaintiff has sought to unite two causes of action in his complaint. If so their joinder in a single complaint is unauthorized unless they come within subdivision 9 of section 484 of the Code of Civil Procedure, for they obviously do not come within any of the other subdivisions of that section. Subdivision 9 provides for the joinder of causes of action upon claims arising out of the same transaction or transactions connected with the same subject of action. I do not think that the present case comes within that provision. The transaction out of which the first-mentioned cause of action arose was the dissolution of the partnership and the agreement by which such dissolution was effected. The patent had nothing to do with the partnership while it was in existence (Burr v. De La Vergne, 102 N. Y. 415, 7 N. E. 366), nor with the agreement which accomplished its dissolution. If the plaintiff has any rights in the invention, and consequently any right either to attack the patent or to claim an interest therein, such rights are wholly unconnected with the partership or with its dissolution. It follows, therefore, that the demurrer upon the first ground mentioned must be sustained, and it is unnecessary to consider whether the facts alleged are sufficient to constitute the several causes of action attempted to be stated (Higgins v. Crichton, 11 Daly, 114; s. c., 98 N. Y. 626; Todaro v. Somerville Realty Co., 138 App. Div. 1, 122 N. Y. Supp, 509) or whether the court has jurisdiction of the cause of action concerning the patent.

[2] It is, of course, immaterial to the decision of the question raised by the first ground of demurrer that the pleader has not purported to state his separate causes of action as such, or that the complaint may have been framed upon the theory that it contained but a single cause of action. Goldberg v. Utley, 60 N. Y. 427; Wiles v. Suydam, 64 N. Y. 173. The motion for judgment upon the pleadings must be granted, with $10 costs, unless the plaintiff serves an amended complaint within 20 days after service of a copy of the order to be entered hereon, with notice of entry thereof, and payment of $10 costs. Nat. Park Bank v. Billings, 129 N. Y. Supp. 846. Settle order on notice.