LUMB v. LUMB et al.

(Supreme Court, Appellate Division, Second Department.  January 17, 1913.)

Appeal from Special Term, Dutchess County.

Action by Charles L. Lumb against George J. Lumb and others. From an interlocutory judgment on a decision overruling a demurrer to the amended complaint, defendants, other than the defendant executor, who was also plaintiff, and his wife, Minnie E. Lumb, appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

William L. Gellert, of Poughkeepsie, for appellants.
Morschauser & Mack, of Poughkeepsie, for respondent.

PER CURIAM. Interlocutory judgment affirmed, with costs.

BURR, J. I dissent. Whether plaintiff has actually stated two causes of action or not, he has attempted to do so, and that is enough to make the complaint demurrable if such causes of action may not be united. Todaro v. Somerville Realty Co., 138 App. Div. 1, 122 N. Y. Supp. 509. Neither does the fact that in form the complaint does not separately state two causes of action control, if it does so in substance. O'Connor v. Virginia Passenger & Power Co., 184 N. Y.

46, 76 N. E. 1082; Goldberg v. Utley, 60 N. Y. 427; Todaro v. Somerville Realty Co., supra. As to parcels numbered 1 to 14, inclusive, plaintiff clearly attempts to state a cause of action for partition among tenants in common. This is not the case as to parcels numbered 15 to 21, inclusive. On the contrary, according to the allegations of the complaint, this property belonged to a partnership between plaintiff and one George W. Lumb, although the title was taken in the name of the latter only, and not only the complaint fails to state the rights, shares, and interests therein of defendants (Code of Civil Procedure, § 1542), but alleges that they have no interest in these parcels as real property, and the relief prayed for is that it be adjudged that these parcels of land belonged to plaintiff as surviving partner of said firm, and that the same shall be sold to pay partnership debts, and that the residue of the proceeds of sale be held subject to a partnership accounting between plaintiff and the representatives of the deceased partner, and that the balance of such proceeds, if any, after such accounting, shall be paid to the parties entitled thereto. These causes of action may not be united, because they do not arise under either one of the 12 subdivisions of section 484 of the Code of Civil Procedure. There is no suggestion that it can be included in any of these subdivisions unless it be subdivision 9, which relates to "claims arising out of the same transaction, or transactions connected with the same subject of action." But the claim of plaintiff here as to parcels 1 to 14, inclusive, arises out of the absolute ownership of said land by George W. Lumb in his lifetime, his death, and the devise thereof to plaintiff and the defendants George J. Lumb, Jessie B. Lumb, and Maud D. Lumb, in his will. The claim of plaintiff to parcels 15 to 21, inclusive, is based upon an allegation that these lands never did belong to George W. Lumb absolutely, but was impressed with a trust in favor of the creditors of the firm of which he was a member, and in favor of plaintiff as surviving partner thereof, and plaintiff claims his interest in this land not as a devisee of an undivided part thereof through the will of the said George W. Lumb, but as the owner of the legal title thereto under a contract made by plaintiff and said deceased in the lifetime of the latter.

JENKS, P. J., concurs.