DUSENBERRY et al. v. SAGAMORE DEVELOPMENT CO. et al.

(Supreme Court, Appellate Division, Second Department.    June 27, 1913.)

1. ACTION (§ 50\*)—MISJOINDER.

A right of action by stockholders as to which the corporation has rights against other defendants which the stockholders are entitled to have enforced belongs to the corporation, and not to the stockholders individually, or as a body, and hence, in a suit against the corporation, it cannot be joined with another cause of action to dissolve the corporation.,

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 511–547; Dec. Dig. § 50.\*]

2. PLEADING (§ 193\*)—MISJOINDER.

A demurrer to a complaint for misjoinder of causes of action should be sustained, where the complaint attempts to state two causes of action which cannot be joined, irrespective of whether either cause of action is sufficiently alleged.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 425, 428–435, 437–443; Dec. Dig. § 193.\*]

Appeal from Special Term, Westchester County.

Action by Charles Dusenberry, Jr., and others, against the Sagamore Development Company and others. ·From an order overruling a demurrer to the complaint, defendants appeal. Reversed and demurrer sustained.

See, also, 142 N. Y. Supp. 1116.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and STAPLETON, JJ.

Allan R. Campbell, of New York City, for appellants.

John F. Brennan, of Yonkers, for respondents.

PER CURIAM.    [1] Plaintiffs have attempted to state two causes of action which may not be joined.  One is a representative action by stockholders of the Sagamore Development Company, in which the corporation, although a nominal defendant, is really a plaintiff in the sense that it has rights against the other defendants which the plaintiff stockholders are entitled to have it enforce.  This cause of action belongs to the corporate body, and not to the plaintiff or other stockholders individually, nor to the body of stockholders collectively. Continental Ins. Co. v. Belmont, 206 N. Y. 7, 15, 99 N. E. 138.  The other is a cause of action to destroy the corporate life of the said defendant, which cause of action at least does not belong to the corporation itself.  In effect, therefore, two causes of action have been united which belong to different plaintiffs.

[2] We do not decide whether either cause of action is stated effectively.  It is enough that plaintiffs have attempted thus to state them.  Todaro v. Somerville Realty Co., 138 App. Div. 1, 122 N. Y. Supp. 509; Higgins v. Crichton, 11 Daly, 114, affirmed without opinion 98 N. Y. 626.

The order overruling defendants' demurrer should be reversed, with $10 costs and disbursements, and the demurrers sustained, with leave

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to plaintiffs within 20 days after entry of the order herein to amend the complaint upon payment of the costs of the demurrer and of this appeal.

