(97 Misc. Rep. 84)

KEYES et al. v. AKINS et al.

(Supreme Court, Special Term, Steuben County. October 16, 1916.)

ACTION ⬤⇒50(7)—JOINDER—FORECLOSURE OF MORTGAGES.

Different mortgages, given to cover different pieces of property, by different persons, and to secure different debts, cannot be foreclosed in one action by the executors of the owner of them all, as causes of action on different contracts cannot be joined in the same action, unless all parties are affected by each.

[Ed. Note.—For other cases, see Action, Cent. Dig. § 524; Dec. Dig. ⬤⇒50(7); Pleading, Cent. Dig. § 137.]

Action by Lewis W. Keyes and others, as executors, etc., of the last will and testament of Alice N. Dox, deceased, against Peter W. Akins and others. On motion by plaintiffs for judgment on the pleadings, and demurrers by defendants to the complaint on the ground that it does not state facts sufficient to constitute a cause of action and that causes of action have been improperly united. Motion for judgment on the pleadings denied, and demurrers sustained.

James N. Robinson, of Hornell, for plaintiffs.
John Griffin, of Hornell, for defendant James B. Akins.
Harry L. Allen, of Hornell, for defendant Peter W. Akins.

CLARK, J. This action is brought to foreclose several mortgages. Two of them were made by Peter W. Akins and wife, covering a certain parcel of land in Hornell. Another mortgage was made at a different time, and by different parties, namely, by James B. Akins and by Peter W. Akins and wife, covering a separate and distinct piece of property, which was owned by James B. Akins.

The property described in the first two mortgages was owned by Peter W. and Winifred Akins. Plaintiffs' testator owned all of these mortgages, and it is sought to foreclose them in one action. It would seem that this cannot be done, because the different mortgages cover different pieces of property, were given by different persons, and to secure different debts.

The rule seems to be that causes of action on different contracts cannot be joined in the same action, unless all parties are affected by each. In other words, a holder of different mortgages upon different pieces of property, and given by different parties, and securing different debts, cannot foreclose both mortgages in one action. Wiltsie on Mortgage Foreclosures, p. 324; Nichols v. Drew, 19 Hun, 490; Adams v. Stevens, 7 Misc. Rep. 468, 27 N. Y. Supp. 993.

It being clear that all the mortgages mentioned in the complaint cannot be foreclosed in one action, the simpler way would be to divide the action, and that can be done if plaintiffs are so advised.

Motion for judgment on pleadings denied, with $10 costs, and demurrers sustained.

So ordered.